## Edwin B. Bowditch *vs.* The City of New Haven.

Upon an appeal to the Superior Court from an assessment for the expense of paving a city street, it is necessary for the appellant to state the grounds upon which he seeks relief.

And it is not enough to allege "that the assessment was not laid according to law." The facts which show this illegality must be specifically stated.

The street in which a pavement was laid was an avenue ninety-five feet wide, and the pavement was laid in the middle, only twenty-five feet wide, leaving room for travel on each side between the pavement and the curb stones. Held not to affect the right to assess the benefits upon the adjoining property.

The fact that the lots upon the street were of greatly different depths, and yet were all assessed at a certain rate per front foot, did not affect the legality of the assessment.

A horse-railroad company had its track along the avenue, outside of the part paved. The company was required by its charter to keep in repair a space two feet wide on each side of its track. Held that it did not invalidate the assessment against the adjoining property owners, that no part of the expense was assessed upon the horse-railroad company.

A city ordinance provided that in assessing the expenses of such an improve

ment upon property holders, the amount required of any horse-railroad com-
pany should be deducted from the whole amount of the cost, and two-thirds of
the balance should be assessed upon property holders specially benefited. In
the case in question the amount assessed upon the property holders was less
than two-thirds of the amount that would have been left if a proportionate
share of the cost had first been assessed upon the horse-railroad company and
deducted from the whole amount. Held that, in these circumstances, the non-
assessment of the horse-railroad company could not be complained of by the
property holders assessed.

APPEAL to the Superior Court in New Haven County, from
an assessment by the authorities of the city of New Haven
for the expenses of paving Whalley avenue, a street of the
city. The grounds of the appeal were stated in the petition
as follows:—

1. That the assessment was not laid according to law.

2. That the pavement was a repair and not an original
work.

3. That the sum of $14,629.50, assessed against the prop-
erty holders, was not a proportional and reasonable part of
the expense of the pavement.

4. That the sum of $351 assessed against the appellant
was not a proportional and reasonable part of the amount
assessed against the property holders.

5. That the pavement does not cover the whole width of
the avenue, but only a space twenty-five feet wide in the center
of the roadway.

6. That the avenue is a thoroughfare, and the part covered
by the pavement is constantly used by the city and by the
general public.

7. That the property of the appellant is not specially ben-
efited by the pavement.

The case was referred to a committee, who made the fol-
lowing report:

In the year 1871, the city of New Haven caused a certain
McAdam pavement, known as the Telford pavement, to be
laid in Whalley Avenue, from Park street westerly to West
River bridge, a distance of eight thousand six hundred and
twenty-eight feet, at a cost of $38,530.08. The pavement is
about twenty-five feet wide, leaving a strip of ordinary road

bed on either side fifteen feet or more in width. Adjoining the pavement on the southerly side is the track of the Fair Haven & Westville Horse Railroad Company. The sum of $14,629.50 was assessed by the city, pursuant to the charter and ordinances, upon the proprietors on either side of the avenue, between West River bridge and Howe street. The distance between these points is eight thousand and eighty-two feet. The exact cost of the pavement between those points cannot be ascertained, but I estimate it approximately at $36,000. It was not the intention of the city officials to assess any portion of the cost of the pavement between Howe street and Park street, a distance of five hundred and forty-six feet, upon the proprietors, but by inadvertance the sum of $38,530.08 was taken as the basis of calculation.

An ordinance of the city authorizes the city to assess two-thirds of the cost of such improvements upon the property holders who are specially benefited thereby; but in view of the fact that this avenue was not paved from curb to curb, they assessed only one dollar per front foot, which amounted in the aggregate to five-eighths of the required two-thirds or five-twelfths of the whole cost. Had they taken only the cost from Howe street to the bridge ($36,000)as the basis of calculation, and assessed in the same proportion, the assessment would have been about ninety-three cents per front foot. But the sum assessed amounts to much less than two-thirds of the actual cost, being in fact about two-thirds as much, or four-ninths of the whole. No part of the cost of the pavement was assessed against the Horse Railroad Company.

In 1852 the town of New Haven laid down a pavement about eighteen feet in width through the center of Whalley Avenue, which greatly increased the value of the adjoining property. No portion of the cost of that pavement was assessed upon persons whose property was specially benefited thereby. In 1871 that pavement was nearly worn out, and that part of the road bed was in a bad condition. The avenue then was and now is ninety-five feet wide, and is one of the most important thoroughfares leading from the city to the country, and the amount of travel thereon, especially heavy

teaming, equals, and perhaps exceeds, the travel on any other street leading into the city.

The city at first ordered the pavement to be repaired. Under this order little or nothing was done. They subsequently ordered a new pavement to be laid twenty-five feet in width. In laying this pavement the grade of the street was somewhat changed, and the old pavement was mostly taken up. Some small sections, where the grade would permit, less than one-quarter of the whole, were left as a foundation for the new pavement. The whole improvement was substantially a new pavement, and not merely a repair of the old. The lots abutting on the street, and which were assessed for the improvement, vary in depth from eighty-five feet to two thousand feet. Some of them are improved and some are vacant lots. The assessments were uniformly one dollar per front foot. The horse railroad track is four feet eight inches wide. There is no pavement between the rails, nor on the south side of the track. The charter of the Horse Railroad Company requires the company to maintain and keep in repair the street between the rails and a space two feet wide on either side of the track. The amount assessed upon the property owners, added to such reasonable sum as ought to be assessed upon the Horse Railroad Company, would in the aggregate be less than two-thirds of the whole cost of the improvement, and a reasonable and proportional sum for the parties specially benefited to pay.

If, upon these facts, the property holders, exclusive of the Horse Railroad Company, are liable to assessment, I find that the sum of $14,629.50 is a proportional and reasonable part of the expense of the pavement to assess against them.

If so liable, and the Horse Railroad Company are exempt, or, if not exempt, and the omission to assess them does not invalidate the assessment made against the others, I find that the sum of eight hundred and fifty-one dollars, which is much less than the whole benefit received, is a proportional and reasonable part of the amount assessed against the property holders, for the applicant to pay, which sum I assess upon him accordingly. But if, upon these facts, the law is so that

the appellant is not legally liable to assessment, or if legally liable, and the omission to assess the Horse Railroad Company invalidates any assessment against him, then I make no assessment against him.

Upon the hearing before the committee the appellant offered evidence, under the allegation in his petition " that said assessment was not laid according to law," as follows : 1st. To prove that the board of compensation had never been appointed as such, by the common council of the city.  2d. That the common council had never referred the matters of assessment to the pretended board of compensation.  3d. That there was no notice given to the appellant for a hearing as to the assessment before the court of common council. The counsel for the city objected to this evidence, on the ground that these facts were not specified in the petition as ground for relief, and because it was averred in the petition that the laying of the pavement was in pursuance of the corporate powers of the city ; and the committee ruled out the evidence.

The appellant filed a remonstrance against the acceptance of the report on the ground of this ruling of the committee.

The questions whether the report should be accepted, and if accepted, what judgment should be rendered in the case, were reserved for the advice of this court.

*L. E. Munson* and *Stone*, for the appellant.

An assessment of benefits against adjoining proprietors for improvements upon city streets cannot be sustained unless the following four requisites concur upon which it is based :—
1. The power must be specifically granted to the city.  2. The assessment must be laid in strict conformity to the powers and provisions of the charter and ordinances of the city.  3. The property must be liable to assessment.  4. The assessment must be reasonable and proportionate.

1.  The city of New Haven is a creature of the charter, having no powers not therein specially granted or incident to the grant, and no right to exercise the powers granted except in the manner therein specified or authorized.  It cannot

make an occasion for their exercise by resolving that it exists or create a power by resolving that it has it.   The laying of this assessment was a high prerogative of sovereignty, which should never be exercised where the power or right is doubtful, or the manner of its exercise be doubtful or irregular.   Its powers and acts should be strictly construed and should not have even an equitable construction in its favor where its acts are in derogation of the common law right of the citizen. *Sharp* v. *Speir*, 4 Hill, 83 ;  *Sharp* v. *Johnson*, id., 92 ;  Dillon on Municp. Corp., §§ 469, 605, 610 ;  *Beaty* v. *Knowler*, 4 Peters, 152.

2.  This assessment being in the nature of a special tax, and being in derogation of the common law right of taxation, the city can only exercise the right to impose it, by a strict compliance with its charter and ordinances, and this compliance must affirmatively appear upon the face of the proceedings.   It cannot be raised by implication, neither can the omission of a requirement, or any irregularity in the exercise of its powers, be cured or helped, by a finding that benefits equal the assessment.   Dillon on Municp. Corp. §§ 605, 606 ; *Nichols* v. *Bridgeport*, 33 Conn., 208, 213.

3.  The property was not liable to the assessment, because— 1st.  The work was undertaken and treated by the city as a repair and not an original work.   *Hammett* v. *Philadelphia*, 65 Penn. S. R., 146 ;  *People* v. *Brooklyn*, 21 Barb., 484.   2d. If it was a repair in part, and original as to the eight feet of additional width put upon the northerly side of the old pavement, then only the eight feet would be assessable, or about one-third of the sum taken as the basis of this assessment. 3d.  This ribbon of pavement running through the center of the traveled portion of the road, occupying less than one-third of its width, is not such an improvement as authorizes an assessment of benefits, and no adjudicated case can be found justifying it.   4th.  The policy of the law, and public policy, alike are against such an assessment.   Authorities supra ;  *Whitney* v. *New Haven*, 36 Conn., 373.   5th.  This assessment was based upon front feet, and is not in harmony with the decision of this court in the case of *Clapp* v. *Hart-*

*ford*, 35 Conn., 66, where the court say "such an assessment is unreasonable and cannot be sustained." *Chicago* v. *Larned*, 34 Ill., 203; *Ottawa* v. *Spencer*, 40 id., 211; Dillon on Municp. Corp., §§ 603, note 3, 605, note 4. The finding shows that the adjoining lands vary in depth from 85 to 2,000 feet; some vacant and some improved, but all assessed alike per front foot, irrespective of depths, values or improvements.

4. The cost of paving a section of 546 feet between York and Howe streets, amounting to more than $2,500, was not assessed against adjoining proprietors, but was put upon the present complainants. This error operates as a relief to one and imposes extra burdens upon another, which in law is disproportionate and unreasonable, and a finding by the committee that benefits equal the assessment, cannot cure the omission or legalize the act, or make the assessment reasonable, because it is disproportionate, and, being disproportionate, it is unreasonable in law and no finding can make it otherwise. If, therefore, the whole assessment be not invalidated for the reasons aforesaid, the petitioner is entitled to proportionate relief so far as a correction of this error will furnish it.

5. The finding shows that the horse railroad company was not assessed at all, although the charter of the company and the ordinances of the city required it. This omission is fatal to the validity of the assessment. 5 Private Laws of Conn., 373, sec. 9.; Charter and Ordinances of City, p. 168, sec. 2; Amended Ordinance of City, passed June 24, 1871, sec. 19; *City of New Haven* v. *Fair Haven & Westville R. R. Co.*, 38 Conn., 422. Had the horse railroad company been assessed its full proportionate amount, as required by the ordinance, its share would have been $6,720, or in proportion as four and two-thirds feet bear to the width of the pavement. This reduces the amount for the petitioner to 75 $\frac{4}{10}$ cents per front foot. Had it been assessed for the two feet of paved roadway abutting its northerly rail, which it has the direct benefit of, then it would pay about two-twenty-fifths of the whole expense, or $2,280, excluding the cost of the section of 546 feet between Park and Howe streets. This reduces the amount to 85$\frac{3}{10}$ cents per foot. Had it been

assessed its full share as required by its charter, it would have paid $12,480, or as width of track and two feet each side bear to whole width of the pavement. This reduces the amount for the petitioner to pay to 54 cents per front foot. These mistakes, errors and omissions, if they do not vitiate the whole assessment, must diminish the basis of it. To confirm the assessment as made, would be to confirm an acknowledged error which lies at the foundation of it. The fact that *less than two-thirds* of the cost was put upon the parties complaining can make no difference with the result of this appeal. An assessment of two-thirds of the cost can only be laid where there is no horse railroad, and where special benefits equal two-thirds of the cost. Where there is a railroad running through the street, the statutes of the city fix the proportion it shall bear, which being deducted from the whole cost, two-thirds of the balance, (provided benefits equal the same,) may be assessed against adjoining proprietors.

*Wright*, for the City of New Haven

CARPENTER, J. The evidence offered by the petitioner was properly rejected. The allegation in the petition, under which it was offered, "that said assessment was not laid according to law," is too indefinite. The provision in the charter authorizing the party aggrieved to make written application for relief to the Superior Court, implies that the grounds for relief should be stated. This is a judicial proceeding, and there is the same reason for requiring a party who resorts to it to state specifically the reasons for appealing, that there is in requiring the plaintiff in an action at law to state his cause of action, or the petitioner in a bill in equity to state the facts on which he bases his claim to a decree. Moreover the petitioner avers in his petition that the court of common council made the assessment. The evidence offered tended to disprove this averment.

We advise the Superior Court to overrule the remonstrance, and accept the report of the committee.

In respect to the judgment to be rendered—

It is objected that no assessment can be made, for the reason that the improvement is simply a repair. The committee has found that " the whole improvement was substantially a new pavement, and not merely a repair of the old," which is conclusive against the petitioner upon this point.

It is conceded that paving a street is a public improvement for which assessments may be made upon the adjoining proprietors who are specially benefited thereby. It is found that the petitioner is specially benefited to an amount exceeding the sum assessed. That being so, the fact that the street was not paved from curb to curb does not render the assessment illegal. Whether the whole, or a part of the street, should be paved, must be left to the judgment and discretion of the city authorities.

The objection that the lots assessed vary in depth, and that the assessments were at the uniform rate of one dollar per front foot, ought not to prevail. The lots of the least depth, eighty-five feet, can be, and doubtless are, used for building purposes. Practically they receive the same benefit that deeper lots do. Those portions of the deeper lots lying back of a suitable depth for buildings, can hardly be said to be specially benefited. Such lands will ultimately be brought into market by means of other streets, and will be liable to be assessed for the construction and improvement of such streets. To tax them for both would be unjust.

The fact that no assessment was made against the railroad company does not invalidate the assessment made against the land owners. They are assessed as a class, and in view of the special benefits accruing to land. The railroad company do not belong to that class, but stand upon a different footing. They are required by their charter to maintain that part of the highway occupied by their track, and a space two feet wide on each side. The charter and ordinances contemplate their paying their just proportion of the whole cost. The assessment against them rests not so much upon the ground that their property has been enhanced in value, as upon the ground that the city has done certain work that they

are legally bound to pay for. Hence the provision in the ordinance that the amount required of any horse railroad company shall first be deducted from the whole expense, and two-thirds of the balance assessed upon property owners specially benefited. The assessment against the petitioner is in fact less than it would have been if that course had been literally pursued, as the whole amount assessed is less than two-thirds of such balance.

Equitable reasons may exist why the city required no portion of this expense of the railroad company; or it may be that they will hereafter require such payment, as perhaps they would have a right to do. However that may be, we do not see that the land owners have suffered any injustice, and hence discover no reason on that ground for setting aside the assessment.

But it seems that the common council in making the assessment made a mistake upon their own principles. The expense of paving a portion of the street, five hundred and forty-six feet in length, which was not upon or in front of any portion of the land assessed, was inadvertently included in the whole sum from which the assessment was made. That mistake should be corrected; which, being done, will reduce the assessment to ninety-three cents per front foot.

The Superior Court is therefore advised to assess the petitioner at that rate, and render judgment accordingly.

In this opinion the other judges concurred.