THE FAIR HAVEN AND WESTVILLE RAILROAD COMPANY
vs. THE CITY OF NEW HAVEN.

Third Judicial District, New Haven, June Term, 1904.
TORRANCE, C. J., BALDWIN, HAMERSLEY, HALL and PRENTICE, Js.

In 1897 a Special Act (12 Special Laws, p. 780) authorized the city of New Haven to include, in the cost to be assessed against persons and street railway companies for permanent street pavements, the cost of the contractor's guaranty to keep such pavements in repair for a period not exceeding fifteen years. *Held* that inasmuch as street railway companies were already obliged to keep in repair that portion of the highway included between their tracks and two feet outside thereof, and were liable for injuries sustained by reason of defects therein (General Statutes, §§ 3837, 3838)—an obligation and liability which continued unaffected by the Special Act— a street railway company could not be charged with a double burden and assessed not only for the cost of laying the pavement but also for its proportionate part of the cost of a contractor's guaranty to repair, to which agreement it was not a party.

The street railway company contended that the cost of construction and the cost of prospective repairs for a term of years were inseparable. *Held* that upon the facts found sufficient data appeared for making the separation.

Argued June 17th—decided August 12th, 1904.

APPEAL from a judgment of the Superior Court in New Haven County, *Shumway, J.*, confirming an assessment of $36,879 against the plaintiff for the cost of paving a portion of a street in New Haven with asphalt. *Error in part and cause remanded.*

*Talcott H. Russell* and *George D. Watrous*, for the appellant (plaintiff).

*Leonard M. Daggett* and *E. P. Arvine*, for the appellee (defendant).

PRENTICE, J. · This proceeding, being an application for relief from the action of the court of common council of the city of New Haven in assessing against the plaintiff $36,879 for the cost of certain asphalt paving in one of the streets of the city, has once been before this court, as reported in 75 Conn. 442. All the questions now presented, in so far as they have any foundation in the application for relief, save one, were then either directly or indirectly passed upon. Additional considerations, affecting the constitutional questions involved, have been urged upon us, but we fail to discover therein any reason for revising our former conclusion and now holding, contrary thereto, that the provisions of the Act of 1895 (12 Special Laws, p. 565), which we said governed the situation in immediate controversy, were, as interpreted and applied, unconstitutional.

Few of the facts involved need be again rehearsed. The former appeal was taken by the defendant from an assessment by the court much reducing the amount fixed by the city authorities. Error was found and the cause remanded for reassessment in accordance with a rule therefor contained in said Act of 1895. Upon the former hearing it was urged that the amount originally fixed by the city was improper, because it included items of expense not properly a part of the cost of paving the eighteen feet of width chargeable to the plaintiff. With respect to this claim we observed, in substance, that that question was not properly before us,

and that it would become the duty of the trial court upon the rehearing of the cause to omit such items, if any there were, from its award. That award having been made and now appealed from by the plaintiff, there appears in the reasons of appeal the following assignment of error which presents the new question, to wit: " Because said assessment includes the cost of keeping said pavement in repair, and said amount is not separated or separable from the general assessment; and because said cost of repair cannot be made a legal basis of assessment against the railroad, but should be paid from the general taxation."

.This assignment, it will be seen, assumes a double aspect involving two inquiries, to wit: (1) whether the award of the court includes an improper item for cost of repair, as claimed, and (2) as to the effect of such inclusion, if any there is.

The city paid to the contractor a certain sum per square yard for laying the pavement and agreeing to keep it in repair for ten years, said agreement being secured by a bond to the city. The award of the court is based upon this sum. It is clear, therefore, that an amount is included which represents cost of repair. The question which remains to be considered is the propriety of the inclusion. An Act was passed in 1897 (12 Special Laws, p. 780) which was clearly intended to meet the situation where pavements are laid with a guaranty, as here. It purports to amend the Act of 1895, so that not only the cost of laying a pavement, but of an agreement to keep it in repair for a period not exceeding fifteen years, might be considered in determining the cost of each square yard which the city might collect of the persons and railroad companies, as provided in said last-named Act, which is the Act under which the present charge was made against the plaintiff. If the necessary effect of the execution of the Act of 1897 is to impose upon a street railway, standing in the position which the plaintiff occupied, a double burden arising out of the duty cast by law upon it to keep in repair the specified portion of the highway through which it operates its lines, or if, in the application of the Act to

the circumstances of the present case, such became its effect, it is plain that the action of the court cannot be supported. It is unnecessary to inquire whether conditions might not exist or be created under which the Act might operate not only justly but also favorably to all parties and in violation of no constitutional prohibition. We may well confine our consideration to the conditions and consequences disclosed in the present case. The plaintiff, before the statute of 1897, was under the statutory duty of keeping in repair so much of every highway in which its tracks were laid as was included within them and a space of two feet on the outer side of the outer rails thereof. Public Acts of 1893, Chap. 169, § 6. The space thus specified corresponds substantially with that for the paving of which the present judgment requires the plaintiff to pay the city. Liability for all damages resulting from injuries caused by the failure of the plaintiff in its duty to repair was also imposed upon it. Public Acts of 1893, Chap. 169, § 9. This duty and liability have never been removed by express legislation. The Act of 1897 contains no provision for such removal, nor a conditional or qualified removal. In the absence of any express provision to that effect, it can scarcely be presumed that the legislature intended that a resort by the city to the course of action authorized by the Act should, with respect to the particular piece of highway involved, operate to shift the burden of duty, and consequently of liability, from railroad to city, with all the resulting confusion to the parties and the public with regard to matters of frequently grave concern. The duty and liability for highway care are too serious subjects to be left to be tossed about at the caprice of a municipality, and be hidden from the public knowledge without investigation for which the facilities are not readily accessible. Clearly it was never intended that this duty and co-extensive liability should depend upon the factitious circumstance of whether a pavement had been paid for in one way or another. The Act of 1897 had its origin, without doubt, in the notion that the embodiment of a term guaranty in a paving contract was wise as a business proposition, that the benefits of it would

accrue alike to all who were responsible for the care of the street, including of course any street railroad, and that the requirement that the railroad company should pay for the cost of so much of the guaranty as related to its share of the paving was one which gave the company value received, and in so far as the guaranty was a good bargain, diminished rather than increased its burden. The Act was plainly designed to meet a practical situation in a practical way which would be beneficial to all concerned. As plainly, there was no purpose underlying it to modify or qualify the duty of a street-railway company in the care of a portion of the street, or its corresponding liability, as they have become fixed in our general law. From the point of view of the man of affairs, the legislative conception was possibly a sagacious one appealing alike to the self-interest of both city and company. But there were legal incidents which demanded consideration. The Act at least furnished an authoritative basis for a course of action of which company as well as city might wish to avail itself, and might by consent, express or implied, avail itself. Whether it also furnished a basis of possible action by the city, the company being unconsenting, as the result of which, payment by the city for a guaranty could be recovered from the company for whose benefit it would, if faithfully kept, accrue, is the broad question which does not call for present decision. In the present case we find the company, which remains under the duty of maintaining the highway in repair and the liability for the results of nonrepair, called upon to pay the cost of an agreement on the part of a third party to do a certain share of the repairs, involved in the statutory duty, for a specified term. To this agreement it is not a party. The bond given to secure the performance of the agreement does not run to it. By reason of its liability, the company has the deepest interest in having its duty done, promptly done, and done according to its judgment of the necessities and its convenience. It is required to pay for that which interjects into the situation another's judgment and convenience which are not subject to its control. It is left

without obligation to enforce, or security of which to avail itself. Thus, in no small degree dependent upon the good faith and disposition of one whose interest naturally is to do as little as possible, and upon the efficiency of city officials, · it is compelled to face its duty and responsibility. Surely there is left upon it, from the point of view of legal rights, some share of the burden which it has been compelled to pay others to assume.

The plaintiff claims that the cost of repair is, upon the facts found, incapable of separation from the cost of construction, and that therefore the invalidity involved in an award for the former renders any award impossible. The court below ruled otherwise, and the finding shows that such ruling was correct. Sufficient data appears to form the basis of such a separation.

Other claims new to the case are made, to the general effect that as the street had been paved twenty-three years before and the plaintiff had been assessed a portion of the cost thereof, and especially as the city had not shown the need of the new pavement as a means of repair, an unconstitutional use of the Act would result if the present charge against the plaintiff was enforced.

These claims have no foundation, either in the application or pleadings, and therefore have no standing in the case. We do not hesitate to say, however, without discussion, that in view of the pleadings, which did not put the defendant to the proof of the necessity of the new work as a means of repair and proper maintenance of the street, the facts indicated could not be held sufficient to accomplish the results claimed for them.

There is error in part, and the cause is remanded for a deduction from the amount of the assessment, confirmed and established by the judgment of the court below, of the cost to the defendant of the agreement to repair, recited in the finding, in so far as said cost related to the pavement for which the plaintiff is charged in said judgment.

In this opinion the other judges concurred.