CHARLOTTE B. HILL *vs.* THE CITY OF WATERBURY.
AMELIA C. BENEDICT *vs.* THE CITY OF WATERBURY.
ALBERT I. CHATFIELD ET AL. *vs.* THE CITY OF
WATERBURY.

Third Judicial District, Bridgeport, April Term, 1911.
HALL, C. J., PRENTICE, THAYER, RORABACK and WHEELER, Js.

Upon an appeal to the Superior Court, taken pursuant to § 116 of the charter of the city of Waterbury (12 Special Laws, p. 466), from an assessment of special benefits for a public improvement, the appellant is limited to the grounds or reasons of appeal set forth in his application or complaint; and therefore cannot challenge the municipality's authority to make the improvement under an allegation that the assessment made therefor was "excessive and inequitable."

Submitted on briefs April 11th—decided June 15th, 1911.

APPLICATIONS in the nature of appeals from an assessment of special benefits for a public improvement, brought to and tried together by the Superior Court in New Haven County, *Reed, J.;* facts found and judgment rendered confirming the assessment as originally made, in one case with a substantial reduction, from which the respective plaintiffs appealed. *No error.*

*Nathaniel R. Bronson, Lawrence L. Lewis* and *Charles E. Hart, Jr.,* for the appellants (plaintiffs).

*Francis P. Guilfoile,* for the appellee (defendant).

RORABACK, J. An examination of the charter of the city of Waterbury granting the right of appeal, shows that "any party who shall feel aggrieved by any act of the board of aldermen or of any department may, within twenty days after the doing of the act by which

he claims to be aggrieved, appeal from said action to the Superior Court in and for New Haven county at its next regular return day, or next but one, after the date of said appeal; *provided,* he give notice thereof to said city by leaving a copy of said appeal with the city clerk, or at his usual place of abode, within twenty days after the doing of such act. Said Superior Court shall require such appellant to file his reason for such appeal, and may, by committee or otherwise, inquire into the allegations and reasons of appeal duly made, as aforesaid." 12 Special Laws, p. 466, § 116.

The acts of the defendant complained of are stated in the appeals in the following language: "On said day the board of aldermen in said city voted to lay out Great Brook from the end of the present layout to Naugatuck River as same was accepted by said board of aldermen, November 2, 1908, and approved November 3, 1908. On the 3d of May, 1909, the bureau of assessment, in and for the city of Waterbury, made a report to the board of aldermen for said city, assessing the benefits accruing to the appellant, the plaintiff, by the layout of said Great Brook, a copy of which report is hereto annexed and marked Exhibit A. On the 3d day of May, 1909, said board of aldermen accepted said report, confirming and adopting the assessment of benefits and damages therein and thereby made; and on the 5th day of May, 1909, the same was approved. The plaintiff was aggrieved by said act of said board of aldermen in accepting said report confirming and adopting said assessment of benefits and damages, in that the award to the plaintiff of benefits . . . is excessive and inequitable."

In the Benedict case the court finds that the amount was proper on the basis of actual benefit. In the Hill case it appears that the court finds that the assessment was just and equitable. In the Chatfield case the record

shows that the court assessed what it deemed fair and equitable, and reduced the amount of the assessment made by the city.

The plaintiffs have made no motion for a correction of the findings, but claim that the trial court erred in overruling the following claims of law made upon the trial: "Unless vote states purpose for which work is to be done there is no authority for doing any part not shown in the vote, hence no right to assess benefits for that part. Assessments to all abutting properties alike at a given rate per foot is not in compliance with the charter. No expense can be made the basis of assessment of benefits which is not shown in the layout; therefore no claim can be made on footings, for there are none in the layout. The layout controls the city, and as a corollary the city cannot be burdened with a responsibility for anything not therein contained, nor can it extend its powers beyond what is permitted by its charter. The city charter provides that assessment of benefits shall be made against property 'affected thereby.' If the charter provision is not followed, the whole assessment should fail. The city charter does not authorize the building of a cover of any kind over Great Brook, and the city cannot proceed further in connection with the work done on Great Brook than the city authorizes. The city has no right in law to assess as benefits any part of the expense or cost for work in nature of cover done over this brook."

The plaintiffs did not allege in their complaints, either directly or by implication, that the city had no authority under its charter, votes, or layout to make this public improvement or any part of it. Upon the other hand, the complaints now before us expressly aver that the assessments had been made. These are facts which for the purposes of these actions should be taken as true. The plaintiffs base their causes of action upon

these proceeedings, so that it is now too late to say that they are void. *Ferris* v. *Hard,* 135 N. Y. 354, 32 N. E. 129; *Washburn Crosby Co.* v. *Boston & Albany R. Co.,* 180 Mass. 252, 254, 62 N. E. 590. If these parties wished to challenge the power and authority of the city to make these assessments, as set forth in their claims of error, they should have alleged this in their complaints. In the case of *Bowditch* v. *New Haven,* 40 Conn. 503, 510, which was an appeal from an assessment for the expense of paving a street, this court stated that "the allegation in the petition, under which it was offered, 'that said assessment was not laid according to law,' is too indefinite. The provision in the charter authorizing the party aggrieved to make written application for relief to the Superior Court, implies that the grounds for relief should be stated. This is a judicial proceeding, and there is the same reason for requiring a party who resorts to it to state specifically the reasons for appealing, that there is in requiring the plaintiff in an action at law to state his cause of action, or the petitioner in a bill in equity to state the facts on which he bases his claim to a decree."

In the case of *Ives* v. *Goshen,* 63 Conn. 79, 82, 26 Atl. 845, an appeal from a board of relief, it is stated that "the all-sufficient answer to the appellant's present claim is, that he does not complain of a disproportionate assessment, nor did he appeal to the Superior Court on that account. The grievance alleged is, as we have said, that his own property is assessed in excess of the statutory limit; the relief sought is a reduction of the assessment to the statutory limit. The grievance at the basis of the present claim is, that the property of others has been assessed below the statutory limit."

The only questions properly in issue before the trial court were whether these assessments were excessive and inequitable.

After a full hearing, the court below has found these. issues against two of the plaintiffs. It has found that two of these assessments were not excessive and inequitable. In the other appeal, the assessment made by the city authorities has been adjusted to meet the equitable requirements of that particular case. The record discloses that under the issues presented to the court these facts were found upon proper evidence, and that no error occurred in the trial which affects the findings.

There are other grounds upon which the appellants rely, but, as we have just indicated, these claims do not come within the scope of the appeal, and cannot be successfully relied upon by the appellants to set aside these assessments.

There is no error.

In this opinion the other judges concurred, except WHEELER, J., who dissented.