THE CITIZENS ASSOCIATION *vs.* THE CITY OF BRIDGEPORT.

Third Judicial District, Bridgeport, April Term, 1911.
HALL, C. J., PRENTICE, THAYER, RORABACK and REED, Js.

An application to the Superior Court under § 69 of the charter of the city of Bridgeport (15 Special Laws, p. 523), by an owner of land abutting the highway, for relief from an assessment for special benefits resulting from repaving the street, is not, strictly speaking, an appeal, which involves a trial *de novo*, but is a special statutory proceeding in which the assessments made by the municipal authorities are to be treated as valid and correct except in so far as they may be challenged by the allegations of the complaint; the burden of proving which rests upon the plaintiff or applicant.

Section 67 of the same charter provides that the common council shall have power to assess one half of the expense of paving or otherwise improving a city street upon the persons whose property is specially benefited thereby. The plaintiff contended that this provision was unconstitutional, in that it required one half the cost of the improvement to be assessed upon the abutting owners

irrespective of the benefits received. *Held* that the section, when taken as a whole, did not warrant such an interpretation, but limited the sum which could lawfully be assessed to the amount of the special benefits which accrued to the adjacent property owners from the improvement made; and that the provision was constitutional.

The repavement of a street, as well as its original construction, may form the basis for a local tax or assessment, provided the persons assessed are in each case specially benefited thereby.

Argued April 19th—decided June 15th, 1911.

APPLICATION in the nature of an appeal from an assessment of benefits resulting from the repavement of a city street in front of the plaintiff's premises, brought to and tried by the Court of Common Pleas in Fairfield County, *Scott, J.;* facts found and judgment rendered confirming the city's assessment, from which the plaintiff appealed. *No error.*

*Spotswood D. Bowers,* for the appellant (plaintiff).

*Thomas M. Cullinan,* for the appellee (defendant).

RORABACK, J. The plaintiff in its complaint alleges: "2d. That before the 5th day of July, 1910, the defendant, acting through its common council, ordered the said Main Street, upon which the said property of plaintiff is situated, to be repaved with a wooden block pavement, and caused the same to be laid, and on said 5th day of July referred the matter of such repaving to its Board of Appraisal of Benefits and Damages, for the ascertainment of what benefit, if any, the plaintiff had received from such repaving, and on said date said Board of Appraisal of Benefits and Damages, in opposition to the protest of plaintiff, assessed as benefits to plaintiff for such repaving, the sum of $180.85, and so reported the same to the said common council, which on the 1st day of August, 1910, approved the same, and gave to plaintiff public notice of such approval.

3d.   Plaintiff has heretofore been twice assessed for so-called permanent paving of said Main Street, and has duly paid the same, and if at any time any especial benefit has been derived by plaintiff from the paving of said street, plaintiff has duly paid for such benefit; plaintiff further says, that said Main Street is the principal business street in said City of Bridgeport, and that any benefit resulting from the paving of said street is equally shared by the whole municipality, and that such is especially true after plaintiff has twice been assessed and paid for especial benefits; wherefore plaintiff feels aggrieved at the action of said Board of Appraisal of Benefits and Damages in so levying said assessment, and makes hereby written application for relief to this court.   4th.   Plaintiff further says that the provisions of the charter of the City of Bridgeport, under which the alleged assessment was made, are repugnant to the Constitution of the United States and the State of Connecticut, and therefore void."

The defendant admitted paragraph 2, and denied 4, and denied paragraph 3, except "that it is admitted that the plaintiff has heretofore been twice assessed for paving said Main Street and has paid the same, once on September 14, 1882, . . . and once on January 4, 1899, for an asphalt pavement."

The issues were found for the defendant, and the plaintiff appealed to this court.   The reasons of appeal assign five errors, the substance of the first one being that the court erred because it refused to rule that the proceeding was a strict appeal and required a trial *de novo*, and that the city of Bridgeport should therefore proceed to prove all the facts necessary to be proven to authorize an assessment, by said board of appraisal, of benefits and damages against the property of this appellant.

Although this action is in the nature of an appeal,

yet for the purposes of this case it should not be considered an "appeal" in the original and technical sense of that word. The proceeding for a transfer from the lower to the appellate court, in this class of cases, is purely statutory, and therefore the statute authorizing the remedy should be consulted to ascertain the procedure that should govern trials like this one. Section 69 of the charter of the city of Bridgeport (15 Special Laws, p. 523) provides that any person aggrieved by any act of the board of appraisal of benefits and damages, or of the common council, in making assessments as authorized may, within thirty days after public notice is given of acceptance by the common council of the report of said board, make application for relief to the Superior Court, and said application having been duly made and served, the Superior Court "may, by committee or otherwise, inquire into the allegations of such application duly made as aforesaid, and may confirm, annul, or modify the said assessments." It will be noticed that this Act does not refer to the proceeding as an appeal, but as an application for relief, and that under it the court, by committee or otherwise, may inquire into the allegations of the application duly made. It is apparent that in proceedings of the character of the one now under review it was the intent of the makers of this statute that the assessments made by the municipal authorities should be treated as valid and correct, except in so far as they might be questioned by the allegations contained in the applications for relief. See *Park City Yacht Club* v. *Bridgeport,* 81 Conn. 76, 81, 70 Atl. 631; *Hill* v. *Waterbury,* 84 Conn. 319, 80 Atl. 202. It has been held by this court that these actions are judicial proceedings, and that parties who resort to them must state their cases as in actions at law. *Bowditch* v. *New Haven,* 40 Conn. 503, 510; *Hill* v. *Waterbury,* 84 Conn. 319, 80 Atl. 202.

There is good reason for holding that this plaintiff had the burden of establishing such of the allegations of its complaint as were denied by the defendant. It is an elementary rule that whenever the existence of any fact is necessary in order that a party may make out his case or establish his defense, the burden is on such party to show the existence of such fact. It cannot be seriously claimed that the plaintiff would have been entitled to a judgment in the court below if no allegations of fact had been made in its application for relief, or that it would have obtained a decision in its favor if no evidence at all had been given. Upon the questions in issue under the pleadings, the plaintiff held the affirmative throughout the trial, and its relations to these questions never changed. Therefore it was not error for the trial court to hold that the defendant city was not bound to prove all the facts necessary to establish a lawful assessment against the plaintiff.

There is no merit in the plaintiff's claim that it was incumbent upon the defendant to prove all the facts necessary to establish a valid assessment against the plaintiff's property. As we have just stated, the city of Bridgeport was not bound to disprove the plaintiff's case in the absence of pleadings and evidence to establish one.

What we have already said as to the first and second assignments of error is decisive of the question presented by the third assignment of error.

Section 67 of the charter of the city of Bridgeport (15 Special Laws, p. 522) provides that "the common council shall have power to order that any street or highway, now or hereafter existing, shall be paved, cobbled, macadamized, asphalted, or otherwise improved, and to cause all such orders to be executed. It shall have power, upon the execution of any such order, to cause to be assessed one half of such expense

upon the persons whose property may be specially benefited thereby; and notice of such proposed improvement shall be given, and the assessments therefor shall be made, published, collected, or secured, as the case may be, in the same manner as provided and required in the case of sewers." Section 60 of the charter (15 Special Laws, p. 518) provides that "the board of appraisal of benefits and damages shall have the exclusive jurisdiction of appraising, assessing, and apportioning all benefits and damages, accruing or resulting to any persons from such public improvement, or from the construction or purchase of any sewer or sewers, or from any other public improvement in the city whatsoever which shall be ordered or determined upon by the common council, and in connection with which an appraisal of benefits and damages is required by this act to be made." In July, 1910, the board of appraisal of benefits and damages assessed one half of the cost of the pavement, exclusive of the portion thereof paved by the street-railway company operating its cars on Main Street, against the abutting property-owners, and assessed the sum of $180.85 as the plaintiff's proportionate share thereof, and found that the property was benefited to an equal amount. The report of the board of appraisal of benefits and damages on this pavement was accepted by the common council of the city in the manner provided by the city charter. Section 61 of the charter (15 Special Laws, p. 519), in part provides that the board of appraisal "shall ascertain and determine what person or persons will be damaged by such taking of land or such public improvement as aforesaid, and the amount thereof, over and above any special benefits such person or persons may receive therefrom; also what other person or persons will be especially benefited by such taking of land or public improvement as aforesaid, and the amount thereof over

and above any damages such person or persons may receive therefrom; also what other person or persons will receive an equal amount of damages and benefits therefrom. But the whole amount of benefits assessed for any particular public improvement shall not exceed the whole amount of damages assessed on account of the said public improvement. It shall report the amount of damages and benefits thus ascertained and determined, and the names of the persons to whom the same respectively appertain and belong, to the common council."

That portion of § 67 of the charter which states that the common council shall have power to cause to be assessed one half of such expense upon the persons whose property may be specially benefited thereby, when standing alone, seems to sustain the plaintiff's contention that it may be mandatory upon the board of appraisal to assess one half the cost irrespective of the question of benefit. But the language of this section as a whole does not warrant such an interpretation. In § 67 it is also stated that the assessments therein shall be made, published, collected, or secured, as the case may be, in the same manner as provided in the case of sewers. In the section relating to sewers it appears that the board of appraisal in making an assessment is limited to the amount of the special benefits. The wording of § 67 of the charter, that the common council shall have the power to cause to be assessed one half of such expense upon the persons whose property may be specially benefited thereby, is to be interpreted as a limitation of the powers of the common council as to the amount of the expense of the benefits which may be assessed. The board of appraisal is the body which, under the charter, has the exclusive jurisdiction of assessing and apportioning all benefits and damages, and is limited in making assessments to the amount of the

special benefits received. The plaintiff's contention in this connection is entirely problematical. It does not appear whether it is claimed that the assessment complained of was not limited to the value of the special benefit received. Indeed, the record discloses that the property of the plaintiff has been specially benefited to the amount of the assessment.

There is no merit in the contention that § 67 of the charter is unconstitutional. The claim is made that because the street has once been paved in part at the cost of the plaintiff, no further paving can be done at its expense, but that, if done, it must be done with the public funds. Section 4 of the charter of the city of Bridgeport (15 Special Laws, p. 495) provides, among other things, that all burdens and all expenses for the construction and maintenance of highways and bridges shall thereafter be borne by the city, and shall be defrayed out of the treasury of the city, except as therein otherwise provided. By the provisions of § 67 of the charter, hereinbefore considered, it appears that the city has the power to order that any street or highway shall be paved in part by such person or persons as will be specially benefited by such public improvement, limiting the assessment to the value of the benefits received. It is well settled in this State that the cost of the original construction of the streets may be to a limited extent imposed upon the abutting landowners. We are unable to discover any sufficient reason why the reconstruction of such streets may not in the same way also be assessed against the owners of the same kind of property. The original improvement enhances the value of lots adjacent to the street, by making them accessible to the public and attracting trade and population. This enhanced value can be preserved in no other way than by the reconstruction of the street when too much worn to be longer repaired. The right to im-

pose this kind of local taxation depends upon the enjoyment by the persons taxed of special benefits arising therefrom, and for the purposes of this case there can be no substantial difference between the pavement or repavement of the street under consideration. *Fair Haven & W. R. Co.* v. *New Haven,* 77 Conn. 219, 224, 58 Atl. 703.

There is no error.

In this opinion the other judges concurred.