SECOND NORTH SCHOOL DISTRICT ET ALS. APPEAL FROM
    BOARD OF STREET COMMISSIONERS OF THE CITY
    OF HARTFORD.

First Judicial District, Hartford, October Term, 1917.
PRENTICE, C. J., RORABACK, WHEELER, BEACH and SHUMWAY, Js.

It is not within the province of a committee to whom a cause is referred
    to find and report the facts, to pass upon a demurrer, that being an
    interlocutory matter which should be disposed of by the court be-
    fore the reference is made.
Under the provisions of the charter of the city of Hartford (6 Special
    Laws, p. 743, § 5, 7 Special Laws, p. 527, §§ 1, 5, 7), the judge of the
    Court of Common Pleas, upon an appeal to him from an assessment
    of benefits and damages for a public improvement, has no jurisdic-
    tion to determine any other question than that raised by the ap-
    peal, that is, whether the assessment complained of is inequitable
    and unjust to the appellant; and therefore he has no power to decide
    whether or not the original assessing board in its proceedings com-
    plied in all respects with the charter requirements.
The language of city charters differs so greatly, that cases involving the
    construction of one charter are not authoritative in interpreting
    others.
The facts relied upon to show the relevancy and materiality of ques-
    tions excluded by a committee, and the harmful nature of the
    rulings, should be stated in the committee's report; otherwise the
    remonstrant should ask to have the report recommitted to include
    them. He cannot accomplish this end by stating them himself in
    his remonstrance.

Argued October 2d—decided December 15th, 1917.

APPEAL from an assessment of benefits and damages
resulting from the widening of High Street in the city
of Hartford and the establishment of building and
veranda lines thereon, taken by several abutting prop-
erty owners to the judge of the Court of Common
Pleas in Hartford County and referred to a committee
who heard the parties and reported the facts, after
having sustained a demurrer filed by the City; the
judge of said court (*Hon. Edward L. Smith*) overruled

remonstrances to the report of the committee, accepted said report and rendered judgment in accordance therewith, from which the appellant Isham appealed. *No error.*

*Thomas J. Spellacy,* for the appellant, Henry G. Isham.

*Francis W. Cole,* for the appellee, the City of Hartford.

WHEELER, J. This action is an appeal from an appraisal of damages and an assessment of betterments by the Board of Street Commissioners of the City of Hartford, taken to the judge of the Court of Common Pleas of Hartford County, and praying for a reappraisal of the damages and a reassessment of the benefits.

The case was referred by the judge to a committee for a hearing, a demurrer was filed with the committee by the City against all of the other parties to the appeal, and all of the parties agreed that the committee should pass upon the demurrer and that the judge should review his decision thereon.

The committee passed on the demurrer, sustaining a part and overruling a part, and heard the case, and thereafter filed his report, to which the appellant herein remonstrated, and the judge overruled the remonstrance, and the appellant appealed to this court, claiming that the judge had erred in holding that the committee did not err on the three stated grounds: first, in sustaining the demurrer; second, in excluding certain questions upon the hearing; and third, in failing to consider in his appraisal certain elements of damage.

The procedure adopted by agreement of the parties, in having the committee pass upon the demurrer, was wholly irregular and should not have been permitted by the judge of the Court of Common Pleas. Interlocutory matters should be disposed of by the court before

a case is sent to a committee.  Our practice before the committee, the character of its report, the form of the remonstrance, and the judicial action to be taken thereon, comprise a procedure well established, and one whose essentials have been recently reiterated by us.

Since the judge who heard the appeal in effect decided the demurrer by his review of the committee's decision thereon, we have concluded, in the interest of a disposition of the question, to treat it as if it were before us in the customary way.

The demurrer ran to those paragraphs of the complaint which set forth the particulars in which the Board of Street Commissioners did not proceed in accordance with the provisions of the charter of the city of Hartford.  The ground of the demurrer was that the judge of the Court of Common Pleas had no jurisdiction to determine whether this board had complied with these charter provisions.

The resolutions of the Court of Common Council relating to the widening of streets are referred to the Board of Street Commissioners to appraise damages and assess benefits, but "an appeal shall be allowed to any person aggrieved by any appraisal of damage or assessment of betterments to the tribunal, and in the time and manner which may be by law provided." 6 Special Laws (1869) p. 745, § 5; Compiled Charter, 1908, Hartford, p. 60, § 116.  In 1873 (7 Special Laws, p. 527, § 1; Compiled Charter, 1908, p. 65, § 129) it was provided that such appeal should be taken to the judge of the Court of Common Pleas for the county of Hartford.  By these two provisions the appeal is taken from any appraisal of damages or assessment of betterments, and this is the sole basis of the appeal.

The manner of taking the appeal is set forth in § 3 of the Special Act of 1873 (§ 131, p. 66, Compiled Charter, 1908), and it is there provided that the peti-

tion shall ask for "a reappraisal and reassessment, or for a reassessment only." Sections 5 and 7 of the Special Act of 1873 read as follows:—

"Sec. 5. If upon the hearing of any appeal the judge or committee shall find cause to alter said appraisal and assessment, or assessment of benefits only, then said judge or committee shall proceed to reapportion the whole amount of the damages and benefits or benefits only upon the persons or lands specially benefited."

"Sec. 7. Such judge shall have, for the purpose of disposing of said appeal, all the power of the Superior Court, and may render judgment thereon, and may tax costs in favor of either party, and issue execution for said costs, to be taxed as upon civil process in the Superior Court."

If the judge finds cause upon the appeal to alter the appraisal and assessment, he shall reapportion the whole amount of the damages and benefits upon the persons or lands specially benefited.

The single feature of the Act upon which the appellant relies is § 7: "Such judge shall have, for the purpose of disposing of said appeal, all the power of the Superior Court." This, it is said, confers upon the judge the power to pass upon the validity of the entire proceedings. But § 5 states the subject-matter of the appeal, and it is this alone over which the judge on appeal has jurisdiction, and when § 7 gives him "all the power of the Superior Court," it vests in him the power of the Superior Court over the subject of the appeal, that is, over the reappraisal and reassessment.

The terms of these Acts support the claim of the City, and so does the history of this legislation. In 1859, in the city of Hartford, an appeal which involved the legality of the procedure taken, lay from the layout of highways, and an appeal lay from the assessment of

damages and benefits upon such layout. Similarly, the two kinds of appeal lay from the action of the selectmen of towns in the layout of highways and in assessing damages and benefits. In 1859 the revised charter of Hartford (5 Private Laws, p. 316) was granted. Section 7 provided that "said court of common council shall have exclusive power to lay out . . . new highways," and should assess damages and benefits. It provided further that "an appeal shall be allowed to any person aggrieved by an appraisal of damages or assessment of betterments to any judge of the Superior Court; . . . and said judge shall have, for the purpose of disposing of said appeal, all the powers of the Superior Court . . . to reassess said damages or benefits." The subject-matter of the appeal was limited to a reappraisal of damages and benefits, and over this subject the judge on appeal is given jurisdiction, and over none other. The method of appeal was changed in 1867, and then taken to commissioners of relief, and in 1869 the Board of Street Commissioners was created and constituted a tribunal to assess damages and betterments, and the appeal provided, as already referred to by this Act and finally by the Act of 1873, to the judge of the Court of Common Pleas. The judge of this court had the same power over the same subject as the judge of the Superior Court by the Act of 1859.

The history of this legislation makes plainly evident its continuous purpose, since 1859, to give one appeal only, that from the assessment of damages and betterments, and to vest in the judge of the Court of Common Pleas the same power over the assessment of damages and benefits which the judge of the Superior Court formerly possessed, and all the power over this subject which the Superior Court would possess over such subject if the statute provided that the appeal should be taken to it.

Several of our cases are cited by the appellant in support of his contention. These cases are not authoritative, they called for the interpretation of the charters of other municipalities whose language is entirely different from that of the Hartford charter. In *Hill* v. *Waterbury*, 84 Conn. 319, 80 Atl. 202, the charter granted an appeal from "any act of the board of aldermen or of any department." In *Peck* v. *Bridgeport*, 75 Conn. 417, 421, 53 Atl. 893, *Keifer* v. *Bridgeport*, 68 Conn. 401, 410, 36 Atl. 801, and *Citizens Association* v. *Bridgeport*, 84 Conn. 383, 386, 80 Atl. 203, the charter provided that the court on appeal "may inquire into the validity of all the proceedings on which said assessment is based." In *Evergreen Cemetery Asso.* v. *New Haven*, 43 Conn. 234, and in *New Haven* v. *Fair Haven & Westville R. Co.*, 38 Conn. 422, 430, the charter allowed an appeal from "any act of the Court of Common Council, or of the Board of Road Commissioners."

*Park Ecclesiastical Soc.* v. *Hartford*, 47 Conn. 89, was an appeal taken under the charter provisions now before us, and the validity of the assessment and the irregularity in the procedure were considered. But the case cannot be regarded as decisive upon this point, and for the reason pointed out by JUDGE BALDWIN in *Hunter's Appeal*, 71 Conn. 189, 195, 41 Atl. 557, that no question was there raised or considered as to the jurisdiction of the court on the appeal over such subjects.

Certain questions which the appellant asked of his witness, and which are stated in the report of the committee, were excluded. The facts in evidence upon which the appellant relied in support of his claim that these questions were relevant and material and that the rulings were harmful, are not stated in the report. It was the duty of the committee to have stated these facts in order to enable the appellant to have the rulings properly before the appellate court. Upon the failure

of the committee to state these facts in his report, the remonstrant should have asked to have the report recommitted to include them. The appellant neglected to do this, but sought to accomplish the same end by including them in his remonstrance. The report of the committee cannot be extended in that way. The bare statement of the questions does not enable the court on appeal to intelligently pass upon the rulings made.

Finally, the appellant claims that in making his estimate the committee erred in failing to take into account the possible uses of this lot, and that its value is largely increased by reason of its being a corner lot. Our examination of the report does not satisfy us that the committee failed to consider these elements in making up his estimate.

There is no error.

In this opinion the other judges concurred.