City of Meriden v. Camp.

———•◆•———

## CITY OF MERIDEN vs. ALFRED E. CAMP.

Where land has been dedicated or otherwise lawfully procured for a public street, the right of a city to assess the expense of constructing it upon parties benefited is the same that it would have been if the street had been formally laid out.

A city charter authorized the assessment of "the probable amount of expense" of public improvements. Held not to restrict the city to an assessment before the work was done.

A person was assessed for benefits by a city board and did not appeal, and the city afterwards brought a petition to foreclose its lien for the assessment. Held that the respondent could now make no question except as to the jurisdiction of the board and its power to make the assessment.

The charter provided that no lien should continue longer than sixty days after such assessment should have become payable, or, as the case might be, after such expenses should all have been incurred, unless within that period a certificate of the lien should be lodged with the town clerk. Held that the latter clause referred to a class of expenses which required no formal assessment, and that a certificate of a lien for an amount formally assessed was good if filed within sixty days after the assessment became payable, although more than sixty days after the expense was incurred by the city.

Where the working of a street was ordered by the city, but was procured to be done by the street commissioner under a supposed arrangement for the payment of the entire expense by certain parties interested, it was held that the

expense was still incurred by the city, as the city assumed the responsibility of it.

BILL to foreclose a lien for an amount assessed upon the respondent as a benefit from the construction of a city street; brought to the Court of Common Pleas of New Haven County. Facts found, and case reserved for advice. The facts are sufficiently stated in the opinion.

*R. Hicks*, for the plaintiffs.

*G. A. Fay*, for the respondent.

LOOMIS, J. This is a petition to foreclose a lien for an assessment of benefits to the respondent on account of the expense of constructing a highway called Warren street in the city of Meriden, and the general question is, whether the city took all the legal steps requisite to make the assessment valid.

The acts of the city relative to the matter, as evidenced by its votes and proceedings, were substantially as follows:—On the 20th of November, 1871, the common council directed the committee on streets to lay out Warren street, specifying particularly the width, course, distance and location, with a proviso that "the owners of property through which said street is proposed will work said street to the acceptance of the committee on streets." On the 21st of July, 1873, it was voted that Warren street be worked and the expense be assessed to parties owning property on the street. In August, 1873, the street commissioner of the city, in his official capacity, advertised for and received proposals for the construction of the street, and a contract was made with one Cushman, the lowest bidder, to do the work for six hundred dollars, and during the fall of the same year the work was substantially completed by him. And it was fully completed, according to the contract, on the 3d of August, 1874, when the work, and the street, as thus completed, were formally accepted by the committee on streets; and on the same day the court of common council accepted the same, and further ordered "that the board of compensation be and is

hereby instructed to adjust the assessments of the expenses of working said street on the property owners adjoining." On the 16th of October, 1874, the respondent was notified that he had been assessed a certain sum for the working of the street, but as no previous notice had been given him of the time and place of hearing to consider the matter of such assessment, the city make no claim under that assessment. On the 1st of November, 1875, the common council instructed the board of compensation to assess upon the persons owning lands fronting on Warren street, specially benefited by the construction of the street, the sum of six hundred dollars, the same being the estimated expense of its construction. Afterwards, and pursuant to this order, the board of compensation, having duly advertised and notified the respondent to appear as required by law, on the 29th of November, 1875, assessed him in due form the sum of $210, for benefits resulting to him from the work, and a report thereof in writing was duly made, published and recorded according to law. And afterwards, on the 25th day of February, 1876, the respondent had formal notice in writing of the same, and that the assessment had been made payable on the 13th of April, 1876; and on the last mentioned day the certificate of lien mentioned in the petition was duly executed, filed and recorded.

These proceedings, though negligently conducted, *primâ facie*, would seem to include every legal requisite, except that there was no lay-out of the street other than the conditional one before mentioned.

This of course would be a fatal defect if it was necessary to condemn the land for public use by proceedings *in invitum*. But where the land has been given or dedicated for that purpose by all the owners, we see no sufficient reason for requiring such a useless ceremony in order to make the subsequent proceedings valid. Suppose the land covered by this street had been deeded to the city for a public street, as in the case of *Derby* v. *Alling*, 40 Conn., 410, the city could open and construct the street at any time; and in such case could it be for a moment doubted that it would be competent

for the city to assess on adjoining land-owners the expense of construction to the extent of the special benefits conferred on them thereby? There can surely be no difference in principle between a deed and an express or implied dedication of the land for the same purpose. After the city has proceeded to work the street, a parol gift or dedication is as irrevocable as a written conveyance, and the public is as secure in its enjoyment of the easement in one case as in the other. It is often the case that the lawful existence of public streets and highways cannot be otherwise proved than by dedication. In such case it would seem very unreasonable to deny to a city the right to assess for improvements, such as paving, curbing or sidewalks, which they could make if the street had been legally laid out. All that can be required on principle is that the city should have the legal right to work the street and hold it for public use, so that the party assessed for benefits cannot be deprived thereof except by a discontinuance of the public easement in the manner provided by law.

The charter of the city of Meriden in terms authorized the common council to assess for constructing the street, as a proceeding by itself. The language of the third section of the act approved July 15, 1870, by virtue of which the assessment in question was made, is as follows:—" The court of common council shall have power to estimate and determine the total probable amount of the expense of laying out, constructing, extending, enlarging, altering and completing any highway, street, square, park, building line, sewer, crosswalk, the draining of any low land, or the filling up of the same, or other public improvement which they are authorized to make, and of discontinuing any highway or part of a highway, and shall have power to determine how much of said estimated total amount shall be paid by persons whose property will be specially benefited by such improvement; and said court of common council (or said board of compensation, when ordered so to do by said court of common council,) may assess against each particular one of said persons the sum which said particular person shall pay."

In this discussion we have assumed, (as the counsel

on both sides conceded in the argument,) that the land covered by this street, prior to the vote of the city to work the street, had been given or dedicated for the purpose, so far as could be done by the act of the owners. The record however on this point is not as clear and explicit as it ought to be. The court finds "that no objections were interposed by the respondent, or others interested in said street, against the working of said street by said Wetmore, but all of said parties were willing that said street should be worked or opened." A bare consent to work the street may be distinguished from a previous absolute gift or dedication of the land for the public use, although evidential of such fact. And as this case was reserved for our advice, there is no difficulty in making such a contingent disposition of it as will enable the court below to make the record more explicit.

Assuming the fact to be as conceded for the purposes of this discussion, we think the want of a regular lay-out of this street will not defeat the petitioners' bill.

But the respondent makes another objection, which, if true in fact, would be sufficient in law to invalidate the lien in question. We refer to the claim that the city, as such, did not incur the expenses on account of which the respondent was assessed. This question must be settled by the finding. The following language was cited as furnishing some basis for this claim:—" During the month of August, 1873, A. C. Wetmore, then street commissioner of the city of Meriden, with the supposed understanding between the city officials and the parties owning lands upon said street, that the parties interested in the proposed highway had agreed among themselves to pay for the construction of said street, and save the city from any expense therefor, advertised as street commissioner for proposals for the construction of said street, and contracted with one H. W. Cushman, he being the lowest bidder, to work said Warren street for the sum of six hundred dollars; and the said Cushman commenced working said street in October, 1873, and substantially finished that fall, but it was not accepted by the street committee until the summer of 1874; when it was finished to their satisfaction."

This language should be considered with reference to all the facts and should have a reasonable construction.

The city, in ordering Warren street to be worked, without condition, and the expense to be assessed on the adjoining property, as was done in July, 1873, assumed the entire pecuniary responsibility and became primarily liable for the expense. After this the street commissioner, though he acted in his official capacity in contracting for the work and thereby bound the city, did suppose that the parties interested had agreed among themselves to pay for the construction and thus save the city from the expense. If they had really made and had performed such agreement the city would have been saved the expense. But it all depended on a supposed understanding as to a collateral agreement between other parties, " among themselves," over which the city had no control whatever. It does not even appear that such agreement was in fact made. At best it was a " supposed understanding," resulting in a misunderstanding, and amounting to nothing. The parties referred to never incurred or paid this expense, and Cushman, the contractor, had no claim on them. So that the entire expense rested on the party primarily liable. The city was never saved from the expense, as the street commissioner anticipated, but paid the same, as by law it was obliged to do.

There is another objection, founded on the mode of proceeding, which we will briefly notice. It is claimed that the assessment in this case was void, because not made in advance of the work. The only authority for this claim is founded upon an implication to be derived from a phrase in the third section of the charter, previously cited, which authorizes the common council to assess the " probable amount of expense."

The expression referred to was doubtless adopted for the convenience and benefit of the city, in order that, by estimating beforehand the expenses, as nearly as they could be anticipated, it might provide means for promptly paying the expenses of the improvement; but it should not be construed as a restriction of the power, to be exercised always before

the work is done. It is to be regarded rather as an extension of the power. That is to say, the authority to estimate probable expenses, reasonably includes the right to estimate actual expenses after they shall have been incurred; because the latter is the real thing aimed at, and constitutes the burden to be apportioned.

It is surely more fair and just toward the person assessed to require him to pay his proportion of the actual, known expense, rather than the anticipated, unknown amount, to be ascertained by mere conjecture and calculation.

And it may be remarked that the charter, in specifying the duties and powers of the board of compensation, contains no word which by the faintest implication indicates that they should make their assessment before the work is done. In the second section of the amended charter, passed in 1870, it says " they shall assess all the benefits resulting from any public work " ; and in the third section that they " may assess against each one of said persons the sum which said particular person shall pay."

And the board having made their assessment in this case, and the respondent having neglected to appeal, he can now urge only such objections as show either a want of jurisdiction or a want of power to make the assessment. *City of New Haven* v. *Fair Haven & Westville R. R. Co.*, 38 Conn., 422.

There is still another objection on the part of the respondent which deserves some notice, as it involves the legal construction of a clause in the charter. The claim is that the certificate of lien in this case was not filed in due time, as required by the following provision in the thirteenth section of the amended charter, passed in 1870. " No such lien shall continue to exist longer than sixty days after such assessment shall have become payable, or, as the case may be, after such expenses shall all have been incurred, unless within that period a certificate signed," etc. * * " shall be lodged with the town clerk," etc.

It appears that the certificate was filed April 13, 1875, the very day it became payable; and it was made payable four months after the report of the board of compensation was

accepted, in accordance with a city by-law, authorized by its charter. This brings the case within the clause of the charter above cited, unless the claim of the respondent is correct, that the lien should be filed within sixty days after the expenses were incurred. But we cannot accept this construction as correct. The provision of the charter in question obviously provides for two· classes of cases. The first is where, as in this case, there is a regular assessment of benefits on account of some public work, in which case the lien continues if the certificate is filed within sixty days after it is payable. The other class refers to certain expenses which the city incurs for the benefit of individuals who neglect to comply with the order of the common council, to pave or flag side-walks or gutters along their premises, etc., where the city has a lien simply on account of the expenses incurred, and not because of any formal assessment; and in such cases the certificate must be filed within sixty days after such expenses have been incurred.

If the court on further inquiry shall find that the land covered by the street in question was given or dedicated by the owners thereof for the purposes of a public street before the same was worked and opened as such by the city, then we advise that the prayer of the petition be granted. But if, on the other hand, the court shall find that the land never was so given or dedicated, then we advise that the petition be dismissed.

In this opinion the other judges concurred.