MARY B. PECK ET AL. *vs.* THE CITY OF BRIDGEPORT.

Third Judicial District, Bridgeport, October Term, 1902.
TORRANCE, C. J., BALDWIN, HAMERSLEY, HALL and PRENTICE, Js.

An executrix of an unsettled estate, who was also the life tenant and in possession of the land in question, was notified of a contemplated public improvement and subsequently of the hearing before the board of appraisers, but no notice was given to the remaindermen, who were "her heirs." In an action by her, individually and as executrix, to remove as a cloud upon her title the lien filed by the city, it was *held:* —

1. That under the circumstances it was practically impossible for the city to notify any of the "owners" other than the estate and the life tenant.
2. That parties duly notified could not avail themselves in this proceeding of want of notice to others who made no complaint on that score.
3. That the mode of giving notice by newspaper publication, prescribed in the charter, was not exclusive, and therefore the notice to "the estate," served personally on the plaintiff as executrix, was sufficient; and was also a legal notice to her individually.
4. That if the board of appraisal adopted a wrong rule of assessment or reached erroneous conclusions, the plaintiffs' remedy was by appeal and a reassessment.

Argued November 5th, 1902—decided January 7th, 1903.

ACTION for the removal of a lien, as a cloud upon title, brought to the Court of Common Pleas in Fairfield County and reserved by that court, *Curtis, J.,* upon a demurrer to the complaint, for the advice of this court. *Trial court advised to sustain demurrer.*

The case is sufficiently stated in the opinion.

*Thomas M. Cullinan,* for the defendant.

*Stiles Judson, Jr.,* and *Eugene B. Peck,* for the plaintiffs

TORRANCE, C. J. This action is brought by Mary B. Peck, individually and as executrix of her father's will.

The facts set out in the complaint and admitted by the demurrer, are, in substance, the following: In May, 1896, Carlos Curtis, the father of the plaintiff, died owning the land here in question, and other property. He left a will, made part of the complaint, in which the plaintiff was named as executrix. By the will the use of the remainder of the estate, including the land here in question, was given to the widow of the testator for life, at her decease to the plaintiff for life, and, at the death of both, was given "absolutely" to the "heirs at law" of the daughter. By the will the daughter, as executrix, was empowered to sell and convey, or mortgage, any part of said remainder estate, and to appropriate to her own use any part of the principal thereof, if, in her opinion, her necessities required it. She duly qualified as such executrix in June, 1896, and has remained such ever since. The Court of Probate limited a time for presenting claims against said estate, and prior to December 17th, 1897, all such claims were paid, and ever since said date the plaintiff as life tenant has been in the exclusive possession and enjoyment of said remainder estate, including said land.

This land fronted on State Street, and in February, 1899, the city of Bridgeport under its charter, for the purpose of widening State Street, took, by proper proceedings, a strip of said land five feet wide and ninety-eight feet long, and the damages therefor were duly assessed in favor of the "estate

of Carlos Curtis," and paid to the plaintiff as executrix of said estate. Subsequently said strip of land was appropriated and used as a part of State Street.

On the 20th of February, 1899, the common council ordered a hearing upon the paving and "asphalting" of that part of State Street created by widening it in the manner hereinbefore described, "but failed to notify the 'owners of the land" here in question of said hearing, "and only directed notice to the 'estate of Carlos Curtis,' which was received only by Mary B. Peck, as executrix of said will."

In May, 1899, the council ordered said part of said street to be "asphalted," and referred the matter to the board of appraisal for a hearing upon the assessment of benefits and damages.

The board of appraisal "failed to give any notice to the owners of said land, but only caused notice to be directed to the 'estate of Carlos Curtis,' which said notice was only received by said Mary B. Peck, as executrix; and said owners of said land did not appear, nor have any opportunity to appear and be heard relative to said assessment."

Said board "arbitrarily apportioned one half of the cost of asphalting (said street) among the class of abutting owners upon said street found to be especially benefited by said public improvement, according to the frontage upon such street by each of said class of owners, and did not ascertain, other then by said arbitrary apportionment according to frontage, the special benefits, if any, received by the plaintiffs or the other abutting owners, and did not ascertain whether said special benefits received equaled in fact said sum of one half the cost of said improvement, but determined the total of said assessments of benefits so apportioned solely in reference to the sum of one half the cost of said improvement."

Said board "purported to assess against 'the estate of Carlos Curtis,' as special benefit received by said estate, the sum $249.10, and did not purport to assess special benefits against, nor apportion said one half of the cost among, the owners" of the land in question, "although said repaving or asphalting was of a permanent nature, and any special benefits, if any

in fact, flowing therefrom, would be of permanent value to all of said interests in said land "; and said assessment was subsequently confirmed by the common council.

The plaintiffs, having failed to pay said assessment, the city caused a lien to be placed of record against said land to secure the payment of said assessment, and said lien still remains of record as a cloud upon the title to said land. " The plaintiffs in fact received no benefit from said road construction and repairs, except such as is common to the whole community."

Upon these facts the plaintiffs claim, among other things, that the acts of the city authorities in ordering State Street to be paved, and in assessing benefits therefor, as set forth in the complaint, were beyond the jurisdiction of said authorities and void, for want of the notice required by the city charter to the life tenant, the executrix, and the remaindermen, of the land in question.

It is difficult to see how notice could have been given to the remaindermen, for they are the heirs of the life tenant, and can only be determined at the time of her decease. Upon the facts admitted there is nothing to show that the estate of Carlos Curtis was ever fully settled, or that the land in question was ever set out or distributed to those ultimately entitled to the fee, or that the certificate contemplated in such cases (General Statutes, § 639, as amended by Public Acts of 1897, Chap. 42, Rev. 1902, § 405) was ever filed. The will seems to contemplate that until the executrix should be appointed as trustee of the estate, she should continue to act as executrix; and there is nothing to show that she ever was appointed as trustee. Under these circumstances, notice by the city authorities to any of the "owners" of this land, save the executrix and the life tenant, was practically impossible.

But if parties other than the plaintiffs, interested in this case, had no notice of the proceedings of the city authorities in question here, they are not here complaining of that; and if the plaintiffs themselves had such notice, they cannot avail themselves here of want of notice to the remaindermen.

Assuming, then, for the purpose of argument, that if the plaintiffs had no notice at all of the meetings of the council or the board of appraisal, here in question, the assessment complained of would be void as to them, the question is, did they have such notice as makes the assessment binding upon them unless appealed from. Under the city charter the proper authorities clearly had the power to pave the street, and to assess benefits therefor, as they attempted to do in this case; 12 Special Laws, p. 537, § 57; and if in doing these things they gave due notice thereof to the plaintiffs, then the acts of the city authorities would be binding upon the plaintiffs, unless appealed from in the manner provided by law. *New Haven* v. *Fair Haven & W. R. Co.*, 38 Conn. 422, 430; *Keifer* v. *Bridgeport*, 68 id. 401, 411. Notice of the hearing before the common council, upon the order to "asphalt" Main Street, was apparently required to be given by publication twice in certain daily newspapers of the city. It appears that such notice was not given in this way, but notice was directed by the council to be given to the "estate of Carlos Curtis" and that such a notice was served personally upon the plaintiff as executrix. It thus appears that the executrix, who was also the life tenant and only ascertained person interested in the land, had ample, reasonable and certain notice of the hearing before the common council upon the order to "asphalt" the street. The object of notice is to give the party notified an opportunity to protect his rights, and although the charter provided that notice by publication in the mode required should be legal notice, that mode is neither expressly nor impliedly made the exclusive mode. We think the notice given to the executrix, while she was acting as executrix, was sufficient notice to her as executrix, and to her individually.

We come next to consider the sufficiency of the notice of the hearing before the board of appraisal. Before making an appraisal of benefits and damages, that board is required, by § 48 of the charter, to give "reasonable notice to all persons interested of the time and place when and where they will meet for that purpose," "in the manner provided for in section forty-five;" and that section provides, among other

things, that such a written or printed notice "personally served, or left by any person at the usual place of abode of any owner of such land, residing in the city, at least six days before the time fixed in said notice for his appearance" before said board, "shall be deemed reasonable and sufficient notice to such owner." Such a notice was given to the executrix in this case, and for the reasons already given we think it was sufficient notice to her individually as life tenant. For aught that appears to the contrary in the complaint, Mrs. Peck may have appeared, as executrix, before the common council and the board of appraisal, and been fully heard. Upon the complaint as it stands we think the plaintiffs are bound by the acts of the council, and of the board of appraisal, of which they complain; and that under the statute (General Statutes, § 174, Rev. 1902, § 1958) the assessment of benefits was properly made against the "estate of Carlos Curtis."

The complaint alleges that the board adopted a wrong rule of assessment, and that the land in question was not at all benefited in fact by the improvement; but these are matters which could only avail the plaintiffs upon an appeal from the assessment, and cannot avail them in this proceeding. The plaintiffs are here seeking equity, and yet the objections they urge against the justice of the city's claim are either purely technical or such as are not available to them here.

The Court of Common Pleas is advised to sustain the demurrer.

In this opinion the other judges concurred.