## CONNECTICUT RAILWAY & LIGHTING COMPANY *v.*
## THE CITY OF WATERBURY.

MALTBIE, C. J., AVERY, BROWN, JENNINGS and ELLS, JS.

Argued January 7—decided March 6, 1941.

*Daniel F. Wheeler,* with whom, on the brief, was *David S. Day,* for the appellant (plaintiff).

*J. Gregory Lynch,* with whom was *T. S. Sullivan,* for the appellee (defendant).

BROWN, J. By its appeal to the Superior Court the plaintiff, as owner of a tract of land abutting the westerly side of North Main Street in Waterbury, sought relief from an assessment of benefits for the construction of a sanitary sewer in the street opposite its property. This consists of a strip of vacant land fronting

298.5 feet on the street, with a maximum depth of forty-eight feet at its northerly end and a depth of less than ten feet at its southerly end. An undefined right of passage over it to the street interfering to some extent with the use of the plaintiff's land is appurtenant to the undeveloped adjoining land on the west. The sewer was properly built by the city at a construction cost of $22.31 per foot and serves a large number of houses on both sides of the plaintiff's land. Section 53 of the defendant's charter (Special Acts, 1931, p. 580) provides that there shall be assessed "the sum of two dollars and fifty cents per lineal foot of frontage upon all property abutting upon such sewer . . ." In compliance with the provisions thereof, the defendant's board of commissioners of public works made an assessment against the plaintiff's land for the sewer at the flat rate of $2.50 per front foot prescribed therein, a total of $746.25. These facts are undisputed. The court found that the plaintiff's land was actually benefited approximately $250.

The question to be decided is whether the court erred in its determination that the assessment of $746.25 is valid notwithstanding the total actual benefit to the plaintiff's land from the construction of the sewer is but $250. A municipality desiring to make a public improvement such as the one in this case, can no doubt pay for it from its general funds resulting from taxes levied in the usual way or it can impose some or all of the expense upon property owners who will be specially benefited by the improvement, but if the latter method is followed, the essential basis is the fact that actual benefits have accrued to the property by reason of the improvement. 1 Page & Jones, Taxation by Assessment (1909) p. 16. The principle upon which a valid assessment under § 53 must rest and the consequent limitations upon the amount properly to

be awarded, have been well summed up by this court in these words: "The fundamental principle upon which such assessments are made and justified, is that the owner of the property is 'assumed to be benefited by the improvement to the extent of the assessment; and it is imposed and collected as an equivalent for that benefit, and to pay for the improvement'. *Bridgeport* v. *New York & N. H. R. Co.*, 36 Conn. 255, 263. The value of his property has been increased to the extent of the benefit assessed upon it. 2 Cooley on Taxation (3d Ed.) 1153, 1234, 1258, 1260; 2 Elliott, Roads and Streets (3d Ed.) § 662; 1 Page & Jones, Taxation by Assessments, § 11. The benefits assessed may not be 'greater than the benefits . . . conferred.' *Ferguson* v. *Stamford*, 60 Conn. 432, 446, 22 Atl. 782. The benefits conferred are at least full compensation for the expense imposed on the person assessed, and he suffers no pecuniary loss. 2 Cooley on Taxation (3d Ed.) 1154. It is true that the owner of benefited property must part with money to pay his assessment for the benefits he receives, but the money is only the measure of his benefits. His property has changed in form, not in amount; he may change its form again without loss." *Whitmore* v. *Hartford*, 96 Conn. 511, 519, 114 Atl. 686. The benefits assessed "must be special, as distinguished from the general benefits from the improvement to the public at large; that is, they must be such pecuniary benefits as result to the particular landowner by reason of his ownership of the land affected . . ." *Appeal of Cohen*, 117 Conn. 75, 83, 166 Atl. 747. "Whether stated in the charter or not, in no case can the assessment against any property owner exceed the special benefits he will actually receive from the improvement. *Davis Holding Corp.* v. *Wilcox*, 112 Conn. 543, 549, 153 Atl. 169." *Bishop* v. *Meriden*, 114 Conn. 483, 487, 159 Atl. 289. The

principles recognized in these decisions are generally accepted. See 5 McQuillin, Municipal Corporations (2d Ed.) § 2166; 1 Page & Jones, Taxation by Assessment (1909) p. 197, § 118.

In *Norwood* v. *Baker*, 172 U. S. 269, 279, 19 Sup. Ct. 187, the court said: "In our judgment, the exaction from the owner of private property of the cost of a public improvement in substantial excess of the special benefits accruing to him is, to the extent of such excess, a taking, under the guise of taxation, of private property for public use without compensation." While the opinion in this case has been substantially narrowed by later decisions of the court, we do not find that the statement we have quoted has ever been repudiated. See *French* v. *Barber Asphalt Paving Co.*, 181 U. S. 324, 21 Sup. Ct. 625; *Wight* v. *Davidson*, 181 U. S. 371, 383, 21 Sup. Ct. 616; *Wagner* v. *Baltimore*, 239 U. S. 207, 219, 36 Sup. Ct. 66; *Gast Realty & Investment Co.* v. *Schneider Granite Co.*, 240 U. S. 55, 58, 36 Sup. Ct. 254; *Nashville, C. & St. L. Ry.* v. *Walters*, 294 U. S. 405, 430, 55 Sup. Ct. 486; *Carolina & N. W. Ry. Co.* v. *Clover,* 46 Fed. (2d) 395, 399. In *Cass Farm Co.* v. *Detroit,* 181 U. S. 396, 398, 21 Sup. Ct. 644, the court said of an assessment of benefits, that federal courts would not interfere except when "there is some abuse of law, amounting to confiscation of property or deprivation of personal rights, as was instanced in the case of *Norwood* v. *Baker* [supra]." These cases are in accord with our own rule approving assessments made upon the front-foot basis where the result is a proper and just assessment. *Bassett* v. *New Haven,* 76 Conn. 70, 75, 76, 55 Atl. 579. Where, however, the effect of such an assessment is to impose upon a property owner a duty to pay a sum substantially in excess of the actual benefits from a public improvement, it is in effect the taking of private prop-

erty for public use without just compensation, in violation of Section 11, Article First, of our constitution.

Section 155 of the defendant's charter provides that: "Any party who shall feel aggrieved by any act of . . . any department [of the city] may . . . appeal from such action to the superior court . . . [which] may . . . inquire into the allegations and reasons of appeal . . . and may confirm, annul or modify the act appealed from, or make such order in the premises as equity may require, and may allow costs at its discretion." Each of the sections being a part of the charter, in the absence of provision to the contrary, it is clear that § 155 provides for an appeal from any assessment made under § 53. It was under the provision of § 155, authorizing the court to "confirm, annul or modify" the assessment, that the plaintiff's appeal was taken, and under it the court had full authority to modify it to accord with the correct rule above explained. In the absence of an appeal, § 53 provides an adequate working rule, but upon an appeal properly taken, as here, the appellant is entitled to relief according to its merits.

There is error, and a new trial is ordered.

In this opinion the other judges concurred.