## RALPH CORTIGIANO *v.* CITY OF WATERBURY

MALTBIE, C. J., BROWN, JENNINGS, ELLS and DICKENSON, Js.

Argued March 6—decided April 17, 1946

1

2

*Maurice T. Healey,* with whom, on the brief, was *John A. Membrino,* for the appellant (defendant).

*William J. Secor, Jr.,* with whom, on the brief, was *J. Warren Upson,* for the appellee (plaintiff).

DICKENSON, J. On October 1, 1909, the defendant filed a lien on the plaintiff's real estate for an assessment of highway benefits, and on January 8, 1921, a lien for a sewer assessment. The assessments have never been paid and no action has ever been brought to foreclose the liens. The plaintiff brought this action, asking that the liens be declared invalid and discharged under the provision of § 5127 of the General Statutes, authorizing an action to secure the discharge of invalid liens, on the ground that any action to enforce the collection of the assessments has become barred under certain other statutory provisions limiting the time within which such proceedings may be brought. From judgment for the plaintiff the defendant has appealed, claiming that the statutes limiting the time for enforcing liens were not applicable and that, if they were, their later repeal operated to remove the remedy.

The parties have presented this case upon the basis that the issue is controlled by the provisions of § 337e of the Cumulative Supplement of 1939 and statutes subsequently enacted, and in our decision we shall proceed upon that basis. Conn. App. Proc. § 22. Section 337e, entitled "Tax liens and the collection of taxes" and relating to taxes becoming due and payable after December 31, 1937, provides in part (p. 184) that "any tax lien upon private property which shall have been recorded in the land records of any town, for more than ten years shall be invalid, and such property shall be free

from the incumbrance of such lien, unless an action of foreclosure shall have been commenced during such period of ten years and a notice of lis pendens filed for record." General Statutes, Sup. 1943, § 270g was chapter 170 of the Public Acts of 1943, which chapter was entitled "An Act Concerning Limitation on Validity of Assessment Liens." It began: "Subsection (a) of section 337e of the 1939 supplement to the general statutes is amended to read as follows: Unless the context shall otherwise require . . . the word 'tax' . . . shall include each property tax and each installment and part thereof, and any valid permanent improvement lien or assessment of benefits due to a municipality as it may have been increased by interest, fees and charges." Section 169f of the General Statutes, Sup. 1941, reads as follows: "Tax uncollectible after fifteen years. No such taxes levied by any community shall be collected or action maintained to collect such taxes . . . except within fifteen years after the tax has been levied. The provisions of this section shall be retroactive." At the 1945 session of the legislature, §§ 169f and 270g were repealed (Public Acts, 1945, No. 227), and substitute statutes, Sup. 1945, §§ 283h and 284h, were enacted which read in part as follows: Section 283h. "No payment of taxes shall be enforced by any collector or other proper officer against any person, persons or corporation against which they are respectively levied except within fifteen years after the due date of the tax. The provisions of this section shall be retroactive. The fifteen year limitation shall not apply to improvement liens except those which have been released of record prior to [the effective date of this act]. All voluntary payments heretofore made on improvement liens are

hereby validated." Section 284h. "Unless the context shall otherwise require . . . the word 'tax', except as used in section 271g, shall include each property tax and each instalment and part thereof, due to a municipality as it may have been increased by interest, fees and charges."

The plaintiff claims that § 270g amended § 169f so that the latter statute applied retroactively to the defendant's improvement liens. The defendant contends that §§ 337e and 169f apply to general taxes and not to assessments for benefits, and that, even assuming § 270g amends and modifies § 337e and embraces permanent improvement liens, it does not affect the instant liens because of the provision in subsection (g) of § 337e that it shall not be construed as affecting any tax due and payable prior to January 1, 1938.

An assessment for benefits is not ordinarily included in the term "taxes." *Whitmore* v. *Hartford,* 96 Conn. 511, 523, 114 A. 686; *New London* v. *Miller,* 60 Conn. 112, 116, 22 A. 499. Section 169f, as the defendant contends, deals entirely with general taxes and does not relate to assessments for special benefits. This section was not amended by § 270g, although we inadvertently so stated in *Bridgeport* v. *Schwarz Bros. Co.,* 131 Conn. 50, 54, 37 A.2d 693. While § 337e relates to taxes of the same general character, it also refers to tax liens, and § 270g amended it to include assessment liens in terms that leave no room for judicial construction. The word "tax" was to include any valid permanent improvement liens or assessments. Such liens and assessments were expressly brought within the statute and, unless excluded by the context, the other provisions of § 337e would have applied to them.

Subsection (g) of that statute expressly provides

that "The provisions of this section shall apply to real estate taxes the whole or first instalments of which shall have become due and payable after December 31, 1937, but shall not be construed as affecting any tax, the whole or first instalment of which shall have become due and payable prior to January 1, 1938." To this provision is added a clause providing that all other acts which are inconsistent with § 337e shall not apply to taxes due and payable after December 31, 1937, but that such other statutes and acts shall continue to apply to taxes due and payable before January 1, 1938. The plain intent of the section is to deal with taxation after December 31, 1937. Nothing in the context or in the provisions of § 270g excluded assessment liens from this provision, and it must be assumed that the legislature intended this date to apply to them as well as to general taxes. As the assessments secured by the liens now in question became due long before January 1, 1938, they did not fall within the provisions of § 337e as amended by § 270g. Although this action was begun in 1944 and §§ 283h and 284h did not become effective until July 18, 1945, the plaintiff bases the claim upon them that they could not deprive him of a vested right in the limitation created by § 270g, and the defendant claims on the other hand that these sections were validating acts which would have the effect of removing any limitation arising out of the amendment of § 337e by § 270g. As, however, the latter sections did not apply to the liens involved in this action, we have no need to consider these claims. Our conclusion is that there is nothing in the provisions of § 337e or in the statutes later enacted which creates a limitation upon the enforcement of these liens. In view of this conclusion, it is unnec-

essary to consider the other questions raised in the appeal.

There is error, the judgment is set aside and the case is remanded with direction that judgment be entered for the defendant.

In this opinion the other judges concurred.