JAMES E. VAILL *v.* SEWER COMMISSION OF THE TOWN OF SALISBURY

HOUSE, C. J., LOISELLE, MACDONALD, BOGDANSKI and LONGO, Js.

Argued April 8—decision released May 27, 1975

*Catherine G. Roraback,* for the appellant (plaintiff).

*David M. Cusick,* with whom, on the brief, was *Carmine R. Lavieri,* for the appellee (defendant).

LONGO, J.   The plaintiff, James E. Vaill, is the owner of certain land in the town of Salisbury. On August 9, 1971, the defendant, the sewer commission of the town of Salisbury, laid an assessment on the plaintiff's property pursuant to § 7-249[1] of the General Statutes.

On August 7, 1972, one day short of a year from the date of the assessment, the plaintiff brought this action to the Court of Common Pleas in Litchfield County, claiming a judgment rescinding the assessment or, in the alternative, a judgment reducing the amount of the assessment. The defendant pleaded in abatement on the grounds that (1) the court did not have jurisdiction of the action because the claims raised by the complaint can be properly brought to the Court of Common Pleas only by an appeal under General Statutes § 7-250, and (2) the twenty-one day period for filing such appeal had elapsed. The court, in its memorandum of decision, held that § 7-250 provides the right of appeal from the imposition of a sewer assessment, sustained the plea on the ground of the failure to

[1] Section 7-249 of the General Statutes entitled "Assessment of benefits," a part of chapter 103 entitled "Municipal Sewerage Systems," provides: "At any time after a municipality, by its sewer authority, has acquired or constructed, a sewerage system or portion thereof, the sewer authority may levy benefit assessments upon the lands and buildings in the municipality which, in its judgment, are especially benefited thereby, whether they abut on such sewerage system or not, . . . subject to the right of appeal as hereinafter provided. . . . No assessment shall be made against any property in excess of the special benefit to accrue to such property. . . ."

appeal within the statutory period of twenty-one days, and rendered judgment for the defendant from which the plaintiff has appealed.

The plaintiff argues that his action is not an appeal from the assessment of his property but is an action for equitable relief from an assessment which is discriminatory, is manifestly excessive, is in disregard of the provisions of the statutes for assessing sewer benefits, and is a taking of the plaintiff's property without due process of law. The sole issue with which we are concerned is whether the action is an appeal governed by the provisions of § 7-250[2] of the General Statutes and is, therefore, barred by the Statute of Limitations provided therein or whether it is an action for judicial review under the provisions of § 12-119[3] of the General Statutes.

---

[2] "[General Statutes] Sec. 7-250. . . . APPEAL. . . . When the sewer authority has determined the amount of the assessment to be levied, it shall file a copy thereof in the office of the clerk of the municipality and . . . shall cause the same to be published in a newspaper having a circulation in the municipality. Such publication shall state the date on which such assessment was filed and that any appeals from such assessment must be taken within twenty-one days after such filing. Any person aggrieved by any assessment may appeal to the court of common pleas for the county or judicial district wherein the property is located . . . ."

[3] "[General Statutes] Sec. 12-119. REMEDY WHEN PROPERTY WRONGFULLY ASSESSED. When it is claimed that a tax has been laid on property not taxable in the town or city in whose tax list such property was set, or that a tax laid on property was computed on an assessment which, under all the circumstances, was manifestly excessive and could not have been arrived at except by disregarding the provisions of the statutes for determining the valuation of such property, the owner thereof . . . prior to the payment of such tax, may, in addition to the other remedies provided by law, make application for relief to the court of common pleas of the county in which such town or city is situated. Such application may be made within one year from the date as of which the property was last evaluated for purposes of taxation . . . ."

Chapter 203 of the General Statutes entitled "Property Tax Assessment" deals entirely with general taxes and does not relate in any of its sections to assessments for special benefits. Section 12-119, found in chapter 203, relates to the available remedy when real or personal property is wrongfully assessed. On the other hand, chapter 103 of the General Statutes is entitled "Municipal Sewerage Systems," and § 7-249 of that chapter relates specifically to the assessment of benefits to be levied for the construction of municipal sewerage systems, while § 7-250 provides the remedy of appeal to the Court of Common Pleas for any person aggrieved by any assessment. Clearly, the words "any assessment" as used in this chapter apply to any sewerage system assessment.

An assessment for benefits is not ordinarily included in the term "taxes." *Cortigiano* v. *Waterbury,* 133 Conn. 1, 4, 47 A.2d 413; *Whitmore* v. *Hartford,* 96 Conn. 511, 523, 114 A. 686; *New London* v. *Miller,* 60 Conn. 112, 116–17, 22 A. 499. "[W]hile an assessment of benefits is an exercise of the taxing power of the State, 'it is never spoken of in charters of cities and boroughs, or in the general law, or in popular . . . [usage], as a tax.' While it is 'in a general sense a tax, it is one of a peculiar nature. It is a *local* assessment imposed occasionally, as required, upon a limited class of persons interested in a *local* improvement; who are assumed to be benefited by the improvement to the extent of the assessment.' *Bridgeport* v. *New York & N.H. R. Co.,* 36 Conn. 255, 262. They stand apart from the general burdens imposed for State and municipal purposes, and are governed by principles that do not apply to the general levy of taxes. In addition to the common taxation, special assess-

ments demand that special contribution, in consideration of a special benefit, shall be made by the persons who receive it. The demand for the special contribution is justified by the fact that those who are to make it, while they are made to bear the cost of the public work, are supposed to suffer no pecuniary loss thereby, because their property is increased in value to an amount at least equal to the sum they are required to pay. 2 Cooley on Taxation (3d Ed.) 1153; 1 Page & Jones, Taxation by Assessment, §§ 35, 39." *Whitmore* v. *Hartford,* supra, 523; see footnote 1, supra.

In *Peck* v. *Bridgeport,* 75 Conn. 417, 422, 53 A. 893, where the plaintiffs sought to remove a lien as a cloud upon title which arose from an unpaid street assessment, the court sustained the demurrer to the complaint which alleged (1) that the board adopted a wrong rule of assessment and (2) that the plaintiff's land was not benefited by the improvement, as alleged in the present case. This court held that those matters could only avail the plaintiffs upon an appeal from the assessment and could not avail them in the proceedings for the removal of the lien. See *Meriden* v. *Camp,* 46 Conn. 284, 290. Section 7-249 authorizes the sewer authority to levy assessments for sewerage systems upon property which, in its judgment, is especially benefited thereby, subject to the right of appeal as provided for by § 7-250.

It is the general rule, with reference to special assessments of benefits, that an assessment legally made cannot be attacked in a collateral proceeding but requires pursuit of the statutory remedy for review, unless the assessment is void. 14 McQuillin, Municipal Corporations (3d Ed. Rev.) § 38-188;

see *Country Lands, Inc.* v. *Swinnerton,* 151 Conn. 27, 33, 193 A.2d 483; e.g., *Bianco* v. *Darien,* 157 Conn. 548, 554-55, 254 A.2d 898. In *Meriden* v. *Camp,* supra, this court held that where an assessment had been made and the person assessed did not appeal, that person could later urge only such objections as show a want of jurisdiction. If the commission assesses benefits where a property is not benefited, it commits an error but does not act beyond its jurisdiction. *Bennett Estate, Inc.* v. *New Haven,* 117 Conn. 25, 38, 166 A. 680; *Terry's Appeal,* 67 Conn. 181, 185, 34 A. 1032. Section 7-250 does not limit the grounds for the taking of the appeal, other than that the person taking the appeal shall be aggrieved, and affords such person the opportunity to seek complete judicial relief.

Therefore, since § 7-250 provides for a complete remedy by means of an appeal to the Court of Common Pleas whereby the court may exercise its inherent broad equitable powers to confirm or to alter the assessment, that section is the exclusive remedy available to the plaintiff. Cf. *Connecticut Ry. & Ltg. Co.* v. *Waterbury,* 127 Conn. 617, 621, 18 A.2d 700; *Whitmore* v. *Hartford,* supra, 526-29. Consequently, the trial court was correct in sustaining the defendant's plea in abatement and in rendering judgment for the defendant because the twenty-one day limitation period set forth in the applicable statute had run.

There is no error.

In this opinion the other judges concurred.