[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
In 1983, the defendant City of Waterbury owned three parcels of property, portions of which comprised the street known as Wolcott Street. The City of Waterbury, acting by its Board of Alderman, sold each parcel. After a series of transfers to successive owners, all three parcels were conveyed by quit claim deeds to Deeken Associates in 1985. Plaintiff alleges in its complaint dated December 22, 1987 that the City erred in their procedure and method of selling the parcels in that it failed at the time of each specific transfer to discontinue Wolcott Street as a city street. Plaintiff further alleges that the original purchasers of the parcels from the City of Waterbury took those parcels subject to the Wolcott Street layout and grade right of way when in fact the intent of each individual sale was to transfer title free and clear of any encumbrances. It is alleged CT Page 1347 that the City's failure to officially discontinue the layout and grade of Wolcott Street created a defect in title.
In 1986, Deeken Associates requested that the City of Waterbury officially discontinue as City streets the above described property and on December 8, 1986, the City, acting through its Board of Aldermen, granted the request as of that date. Several days later the Board of Alderman ordered an assessment of all damages and benefits accruing to the interested parties by the discontinuance of the street. The Bureau of Assessment determined that there was a benefit accruing to Deeken Associates in the amount of $72,720.00 and as a result of this determination, the Tax Collector's Office sent a bill to the plaintiff in that amount on July 7, 1987. Plaintiff alleges that the determination that it accrued a benefit in that amount and that such amount is due is predicated upon a wrongful assessment in one or more of the following ways: (1) the City failed to determine the benefit accruing to all interested parties as of the date the property was deeded out from the City of Waterbury: (2) the City wrongfully determined that a benefit accrued to the plaintiff when in fact no benefit accrued to Deeken Associates because it was not the owner of the property when it was deeded out from the City; (3) the determination by the City that a benefit accrued to the plaintiff was computed on an assessment which was manifestly excessive and could not have been arrived at except by disregarding the provision of the statutes for determining the valuation of such property; (4) the City had already assessed a value against the property when it originally transferred title to plaintiff's predecessors in title; (5) any assessment should have been based on the values of the parcels when they were originally transferred to the original transferees.
Plaintiff Deeken Associates seeks equitable relief including an order eliminating and/or reducing the benefit claimed to be owned by the plaintiff to the City of Waterbury, an order requiring a determination of benefits accruing to interested parties as of the date the individual parcels were deeded out from the City, and an order prohibiting the City from taking steps to collect the claimed benefit due from the plaintiff.
The defendant City of Waterbury moves to dismiss the complaint, arguing that Deeken Associates seeks relief under an inapplicable statute (Connecticut General Statutes Section 12-119
(rev'd to 1985)). The City further argues that since Connecticut General Statutes Section 7-142 provides the exclusive remedy for those appealing the assessment of benefits by a municipality, and since plaintiffs have failed to comply with the statutory requirements of Section 7-142, the court lacks subject matter jurisdiction in this matter. CT Page 1348
Memoranda of law have been filed by both parties .
"A motion to dismiss is the appropriate vehicle for challenging the jurisdiction of the court." Zizka v. Water Pollution Control Authority, 195 Conn. 682, 687 (1985). "Subject matter jurisdiction involves the authority of a court to adjudicate the type of controversy presented by the action before it." Craig v. Bronson, 202 Conn. 93, 101 (1987). "A motion to dismiss for lack of subject matter jurisdiction may be made at any time." Stroiney v. Crescent Lake Tax District, 205 Conn. 290, 294
(1987). In ruling whether a complaint survives a motion to dismiss, a court must take facts to be those alleged in the complaint in a manner most favorable to the pleader. Pellegrino v. O'Neill, 193 Conn. 670, 691 (1984).
Plaintiff argues that Section 12-119 provides an appropriate method by which to contest the City of Waterbury's assessment of benefit accruing to Deeken Associates by the discontinuance of Wolcott Street. In part, Section 19-119 provides:
 When it is claimed that . . . a tax laid on property was computed on an assessment which, under all the circumstances, was manifestly excessive and could not be arrived at except by disregarding the provisions of the statutes for the valuation of such property, the owner thereof . . . prior to the payment of such tax, may, in addition to other remedies provided by law, make application for relief to the superior court for the judicial district in which the town or city is situated. Such application may be made within one year from the date as of which the property was last evaluated for purposes of taxation. . . .
Connecticut General Statutes Section 12-119 (rev'd to 1987).
Section 12-119, found in Chapter 203, relates to the available remedy when real or personal property is wrongfully assessed." Vaill v. Sewer Commission, 168 Conn. 514, 517 (1975). "Special assessments for local improvements, although bottomed on the taxing power, are based on the principle of special benefit to property. `It is a local assessment imposed occasionally, as required, upon a limited class of persons interested in local improvement; who are assumed to be benefitted [benefited] by the improvement to the extent of the assessment. . . .'" Katz v. West Hartford, 191 Conn. 594, 602 (1983) (quoting Bridgeport v. New York N.H.R. Co., 36 Conn. 255, 262-63 (1869). "Provisions relating to taxation generally are not applicable to local assessments or special taxation for improvements." McQuillen Num. Corp. Section CT Page 1349 38.01 (3rd. Ed.). In the instant case, however, no improvements were made. Rather, a street was discontinued.
To support its claim that Section 12-119 is applicable under the present set of facts, plaintiff relies heavily on the following language found in Norwich v. Lebanon, 193 Conn. 342,346-48 (1984):
 The claim that the property had been wrongfully or excessively assessed could have been appealed in one of two ways: (1) to the board of tax review and from there, within two months to the Superior Court pursuant to Sections 12-111 and 12-118; or (2) by direct action to the court within one year from the date when the property was last evaluated for purposes of taxation pursuant to Section 12-119.
Id.
However, the dispute in Norwich concerned the Town of Lebanon's ability to level general taxes (as opposed to an assessment of special benefits) on property owned by Norwich and located in Lebanon as evidenced by the sentence immediately preceding the above quoted material; "In the present case, the plaintiff's property was assessed for purposes of taxation on October 1, of each year." Id. As noted earlier in Vaill, Section12-119 is an appropriate avenue by which to contest a claimed wrongful assessment of general taxes. It is questionable whether it is an appropriate means of appealing from an assessment of benefits.
Nevertheless, in his memorandum of decision dated November 5, 1989, while ruling on an earlier motion to dismiss for lack of subject matter jurisdiction, Judge O'Brien found that the course of action followed by the plaintiff was "expressly provided for in General Statute Section 12-119, and has been approved as a cause of action in Norwich." Memorandum of Decision on Motion to Dismiss, p. 3. The basis for defendant's earlier motion to dismiss was Waterbury City Charter Section 1931 which mandates that all appeals from the Board of Alderman must be taken within twenty days. "Where a matter has previously been ruled upon interlocutorily, the court in a subsequent proceeding in the case may treat that decision as the law of the case, if it is of the opinion that the issue was correctly decided, in the absence of some new or overriding circumstance." Breen v. Phelps,186 Conn. 86, 99 (1982) (citations omitted). Therefore, the motion to dismiss is denied. CT Page 1350
KULAWIZ, J.