[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
The plaintiffs, James E. Knapp and Donald M. Cavanaugh, bring this action in three counts against the defendants Town of Newtown, and the Water Pollution Control Authority.
The revised complaint is dated June 6, 1998.
Count one alleges that the defendants placed the plaintiff Knapp's residence in a sewer district and levied an assessment without providing proper notification of the public hearing as required by law.
The second count alleges that the defendants removed trees and shrubbery from the plaintiff Knapp's property, and destroyed his electric dog fence.
Count three claims that the defendants dumped fill and debris on plaintiff Cavanaugh's property without just compensation, in CT Page 10569 violation of the Fifth Amendment to the Constitution of the United States and of the Constitution of the State of Connecticut.
The defendants move to dismiss the second and third counts of the revised complaint, based upon lack of subject matter jurisdiction.
A motion to dismiss shall be used to assert lack of jurisdiction over the subject matter of an action. Connecticut Practice Book § 10-31; Sadloski v. Manchester, 235 Conn. 637,645-46 n. 13 (1995).
Subject matter jurisdiction is the power of a court to hear and determine cases of the general class to which the proceedings in question belong. Figueroa v. C S Ball Bearing, 237 Conn. 1,4 (1996). Subject matter jurisdiction can be raised at any time.Gagnon v. Planning Commission, 222 Conn. 294, 297 (1992).
The defendants have not attacked count one, the count which alleges failure to give proper notice. They maintain, however, that § 7-250 of the Connecticut General Statutes provides the exclusive remedy to challenge an assessment, and that the second and third counts should be dismissed.
The defendants seem to believe that count one is an attempt by the plaintiffs to challenge an excessive sewer assessment, and that any counts not dealing directly with the assessment, can not be combined in the same action.
While § 7-250 provides an exclusive remedy for challenging an excessive sewer assessment, Zizka v. WaterPollution Control Authority, 195 Conn. 682, 690 (1985); Vaill v.Sewer Commission, 168 Conn. 514, 519 (1975), an action alleging insufficient notice may be pursued independent of an administrative appeal. Vecchio v. Sewer Authority, 176 Conn. 497,501-02 (1979).
In count one, the plaintiffs have not attempted to appeal from a decision of an administrative agency. They have, instead, challenged the notification provided prior to the assessment.
Counts two and three of the revised complaint do not seek judicial review of an assessment imposed by the sewer authority of the Town of Newtown. CT Page 10570
Instead, these counts allege that the defendants' conduct caused damage to the plaintiffs' properties.
This count has jurisdiction to hear claims such as those raised by the plaintiffs in counts two and three.
Accordingly, the motion to dismiss is denied.
Radcliffe, J.