[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION ON MOTION TO DISMISS (#103)
Before the court is the defendants' motion to dismiss. For the following reasons, the court denies the defendants' motion.
 I. BACKGROUND
Donna Thomasson, the plaintiff, has filed a one-count complaint against the defendants, Anne Olszewski, the tax collector for the town of Middlefield; the water pollution control authority for the town of Middlefield (WPCA) and the town of Middlefield itself. The plaintiff's lawsuit concerns sewer benefit assessments made by the defendants.
On March 16, 2001, the defendants assessed the plaintiff's property for sanitary sewer improvements in the amount of $10,286.00. The assessment was approved at a public hearing, pursuant to General Statutes §§ 7-249
and 7-250.[1] The post-hearing notice provided a twenty one day appeal period from the assessment, pursuant to § 7-250. (See plaintiff's Exhibit D.) At no time did the plaintiff appeal the decision.
On April 6, 2001, the plaintiff received another notice from the CT Page 1250 defendants, informing her that the benefit to her property was assessed at $18,000.50.[2] On April 16, 2001, the defendants presented a bill to the plaintiff for that amount. (See plaintiff's Exhibit 1, which lists that amount as the "Original Assessment.")
On August 13, 2001, the plaintiff filed her one-count complaint. In it she alleges that the defendants violated her due process rights by assessing her a second time without notice or a public hearing.
On August 27, 2001, the defendants filed a motion to dismiss, claiming lack of subject matter jurisdiction. The court heard argument and received evidence concerning the motion on November 19, 2001. The parties did not present testimony at the hearing on the motion.
 II. STANDARD OF REVIEW
"A motion to dismiss properly attacks the jurisdiction of the court, essentially asserting that the plaintiff cannot as a matter of law and fact state a cause of action that should be heard by the court." (Emphasis in original; internal quotation marks omitted.) Adolphson v.Weinstein, 66 Conn. App. 591, 594, 785 A.2d 275 (2001); see also Practice Book § 10-30. "The motion to dismiss shall be used to assert (1) lack of jurisdiction over the subject matter, (2) lack of jurisdiction over the person. . . ." Practice Book § 10-31. "Jurisdiction of the subject-matter is the power [of the court] to hear and determine cases of the general class to which the proceedings in question belong. . . . A court has subject matter jurisdiction if it has the authority to adjudicate a particular type of legal controversy. . . ." (Internal quotation marks omitted.) Salmon v. Department of Public Health Addiction Services, 58 Conn. App. 642, 648, 754 A.2d 828, cert. granted,254 Conn. 926, 761 A.2d 754 (2000).
 III. DISCUSSION
The defendants make two arguments which they contend defeat the court's jurisdiction. First, the defendants claim that the plaintiff's failure to appeal the assessment is a failure to exhaust her administrative remedies. Second, the defendants contend that the case is not justiciable. Both arguments are unavailing.
"It is a settled principle of administrative law that if an adequate administrative remedy exists, it must be exhausted before a [court will] obtain jurisdiction to act in the matter. . . . [W]here a statute has established a procedure to redress a particular wrong a person must follow the specified remedy and may not institute a proceeding that might have been permissible in the absence of such a statutory procedure." CT Page 1251 (Internal quotation marks omitted.) In Re Shawn S., 66 Conn. App. 305,309, 784 A.2d 405, cert. granted, 258 Conn. 948, ___ A.2d ___ (2001).
It is true that normally the exclusive remedy for a person aggrieved by a sewer benefit assessment is to take an appeal from the board's action within twenty one days. Zizka v. Water Pollution Control Authority,195 Conn. 682, 690, 490 A.2d 509 (1985); Vaill v. Sewer Commission,168 Conn. 514, 362 A.2d 885 (1975). "Despite the important public policy considerations underlying the exhaustion requirement, [however,] we have grudgingly carved several exceptions from the exhaustion doctrine. . . . We have recognized such exceptions, however, only infrequently and only for narrowly defined purposes. . . . We have recognized that a party aggrieved by a decision of an administrative agency may be excused from exhaustion of administrative remedies if: recourse to the administrative remedy would be futile or inadequate; . . . the procedures followed by the administrative agency are constitutionally infirm; . . . or injunctive relief from an agency decision is necessary to prevent immediate and irreparable harm." (Citations omitted; internal quotation marks omitted.) Johnson v. Statewide Grievance Committee, 248 Conn. 87,103, 726 A.2d 1154 (1999).
After considering the evidence, including the documentation attached to the plaintiff's brief and the document she provided to the court at the hearing on the motion (plaintiff's Exhibit 1, a copy of the assessment for $18,000.50), the court finds that a colorable claim has been raised to the effect that the plaintiff could not have pursued an administrative remedy because the procedure used by the defendants was constitutionally infirm. Twenty-one days after she received notice of the first assessment, the plaintiff received notice of a different assessment amount that was not accompanied by an opportunity for a hearing or proper statutory notice pursuant to § 7-250.[3]
"The fundamental requisite of due process of law is the opportunity to be heard. . . . The hearing must be at a meaningful time and in a meaningful manner. . . ." Giaimo v. New Haven, 257 Conn. 481, 512,778 A.2d 33 (2001) (quoting Goldberg v. Kelly, 397 U.S. 254, 267-68,90 S.Ct. 1011, 25 L.Ed.2d 287 (1970)). Here, in contrast to the situation inZizka v. Water Pollution Control Authority, supra, 195 Conn. 683-686, the plaintiff was not afforded the opportunity for a hearing and an administrative appeal on the assessment amount now at issue.
The court's decision that, for the purposes of this motion, the plaintiff has raised a colorable claim that the defendants' practice was constitutionally infirm, is bolstered by LaCroix v. Board of Education,199 Conn. 70, 505 A.2d 1233 (1986). In LaCroix, a tenured teacher had been fired. When he asked for a hearing, pursuant to statute, the school CT Page 1252 board did not timely act upon his request and proceeded to terminate his employment, violating the statute. Id., 80-81. The Supreme Court found that "[t]he plaintiff therefore presented a colorable constitutional challenge to the defendant board's actions by his allegation that the board deprived him of due process. . . ." Id., 81. In the present case, the plaintiff alleges that the defendants violated her right to due process by re-assessing the property while not providing a hearing.
The defendants, in their brief, contend that despite this allegation, the present case has been brought prematurely. As noted, at the hearing before the court, the plaintiff submitted a bill issued by the defendants that shows the higher assessment, and which states that "[i]f installment is not paid within 30 days of the due date [May 1, 2001], 2.00% interest will be charged on the unpaid balance for bond issue." (See plaintiff's Exhibit 1.) For the purposes of this motion, the plaintiff has demonstrated that a new assessment has been made even though the plaintiff was not afforded her right to have a hearing and an opportunity to be heard on the new assessment. "This basic constitutional deprivation of an opportunity to be heard at a meaningful time and in a meaningful manner . . . permit[s] the plaintiff to invoke the judicial process to vindicate [her] constitutional rights to due process." (Citation omitted; internal quotation marks omitted.) Pet v. Department of HealthServices, 207 Conn. 346, 355, 542 A.2d 672 (1988).
Similarly, the defendants' argument that the case is not justiciable is unpersuasive. "Justiciability requires (1) that there be an actual controversy between or among the parties to the dispute . . . (2) that the interests of the parties be adverse . . . (3) that the matter in controversy be capable of being adjudicated by judicial power . . . and (4) that the determination of the controversy will result in practical relief to the complainant." (Internal quotation marks omitted.) Grossov. Grosso, 59 Conn. App. 628, 634-35, 758 A.2d 367, cert. denied,254 Conn. 938, 761 A.2d 761 (2000). "The [underlying] requirements of justiciability and controversy are ordinarily held to have been met when a complainant makes a colorable claim of direct injury he has suffered or is likely to suffer, in an individual or representative capacity. . . . As long as there is some direct injury for which the plaintiff seeks redress, the injury that is alleged need not be great." (Internal quotation marks omitted.) Post Limited Partnership v. South CentralConnecticut Regional Council of Governments, 60 Conn. App. 21, 27,758 A.2d 408, cert. granted, 255 Conn. 903, 762 A.2d 907 (2000).
The plaintiff's claim meets the requirements of justiciability. The plaintiff has alleged actual harm, as discussed above. Moreover, there is an actual controversy among adverse parties which the court can adjudicate and, then, award practical relief if it is warranted. CT Page 1253
 IV. CONCLUSION
For the purposes of establishing the court's jurisdiction, the plaintiff has raised a colorable claim that the defendants acted unconstitutionally, thus allowing her to avoid the obligation to exhaust administrative remedies. The plaintiff has also demonstrated that her cause of action is justiciable. Accordingly, the court has jurisdiction over the subject matter of the present case. The motion to dismiss is denied. It is so ordered.
BY THE COURT
ROBERT B. SHAPIRO JUDGE OF THE SUPERIOR COURT