THE ENDICOTT ASSOCIATION, INC., *vs.* PAULINE E. THORNE.

Third Judicial District, New Haven, June Term, 1930.

WHEELER, C. J., MALTBIE, HAINES, HINMAN AND BANKS, JS.

Argued June 10th—decided July 9th, 1930.

*John T. Dwyer*, for the appellant (defendant).

*Minerva M. Davis* and *Leo Davis*, for the appellee (plaintiff).

MALTBIE, J.   This is an action to recover rent under a written lease of an apartment in New York City which provided that the rent should be paid on the first day of each month in advance.   The defendant lessee did not pay that due December 1st, 1928, nor that due on the first day of the succeeding months. On or about January 2d, 1929, the plaintiff caused a dispossess notice, issued out of the Municipal Court of the city of New York, to be served upon the defendant.   This notice required that she forthwith vacate the premises or show cause before that court on January 9th, 1929, why possession should not be delivered to the plaintiff.   She continued to occupy the premises until January 9th when she vacated them. This action was brought in March, 1929, and the complaint claimed a recovery of the rent due on December 1st, 1928, January 1st, February 1st, and March 1st, 1929.   The trial court gave judgment for the plaintiff to recover the rent so claimed.

As the lease was made in New York of an apartment there located, the case must be determined by the law of that State.   *Chillingworth* v. *Eastern Tinware Co.,* 66 Conn. 306, 317, 33 Atl. 1009; *McLoughlin* v. *Shaw,* 95 Conn. 102, 106, 111 Atl. 62.   The defense was that there had been a constructive eviction of the defendant by reason of the failure of the plaintiff to furnish proper elevator service, water and heat, and to keep the premises in proper condition for occupancy.   In so far as the period before January 9th, 1929, is con-

cerned, the sufficient answer to this claim is that the defendant could not continue in occupancy of the premises and when sued for the rent for that period defend upon the ground of a constructive eviction. *Boreel* v. *Lawton,* 90 N. Y. 293, 297; *New York* v. *Pike Realty Corporation,* 247 N. Y. 245, 247, 160 N. E. 359. But that aside, the trial court has found that the plaintiff performed its obligations under the lease and that there were no such defects in management as the defendant claimed. The defendant attacks these findings, but we cannot say that they might not have been reasonably reached. The burden to prove the defense was upon defendant. While there was testimony in support of it by her and two witnesses she offered, she herself admitted that, had it not been for the dispossess notice, she would have continued in occupancy of the premises; and the fact that she vacated them on the day fixed in that notice for her appearance in court furnished a basis for a strong inference that her conduct in so doing was not due to any untenantable condition of the premises but was, as the trial court found, the result of the notice. Having been dispossessed by the plaintiff for nonpayment of rent, she continued liable for any rental which had become due and this would include that payable in advance on January 1st. *McCready* v. *Lindenborn,* 172 N. Y. 400, 406, 65 N. E. 208.

The lease contained the following provision: "In case of default on the part of the lessee in any of the covenants of this lease, or if the demised premises become vacant, the lessor may re-enter without notice, or by means of summary proceedings, or in any other method prescribed by law, and resume possession and relet the premises in his own name, for the account of the lessee without terminating this lease or in any manner affecting the obligations of the lessee to pay as

damages the amount herein covenanted to be paid as rent." Since the defendant does not question the plaintiff's right to recover the rent due on February 1st and March 1st if she was dispossessed for breach of covenant, she no doubt concedes that this provision in the lease was within the New York decisions permitting a recovery as damages of rent falling due after her dispossession for breach of covenant, under similar provisions. *Mann* v. *Munch Brewery,* 225 N. Y. 189, 194, 121 N. E. 746; *Forty-five East Fifty-seventh Street Co., Inc.* v. *Millar,* 214 N. Y. App. Div. 189.

There is no error.

In this opinion the other judges concurred.