MARCIA W. BAUER, TRUSTEE *v.* LUCILLA DELVALLE

SUPERIOR COURT      HOUSING SESSION, SMALL CLAIMS

JUDICIAL DISTRICT OF HARTFORD-      FILE NO. HSC-NB-7901-17-NB
NEW BRITAIN AT NEW BRITAIN

Memorandum filed January 26, 1979

*Eisenberg, Anderson & Jackaway,* for the plaintiff.

*Lucilla DelValle,* pro se, the defendant.

SPADA, J. This is a small claims action by the plaintiff landlord seeking $190 damages for two months' back rent. The plaintiff, in a prior action, dispossessed the defendant tenant by way of a summary process judgment. A notice to quit was served on October 19, 1978, directing the defendant to quit

the premises on October 31, 1978. Judgment for possession by default was rendered in favor of the plaintiff in November, 1978. The defendant vacated voluntarily on January 3, 1979. The rental payments from February 1, 1978, the date of first occupancy, to October 1, 1978, were $95 per month. The defendant paid no rent for November or December, 1978. The plaintiff seeks no rental payments for the three days of January, 1979. The defendant, at the inception of the tenancy, paid a deposit of $95 to the plaintiff. The defendant, pro se, asserted in her answer both the landlord's refusal to accept the rent as tendered and the expenses incurred in refurbishing her newly leased apartment.

The plaintiff by issuance of the notice to quit was terminating the lease on October 31, 1978. No lease, therefore, existed on or after November 1, 1978. The defendant's offer of rent for November was not required to be accepted by the plaintiff. A tender after a proper notice to quit, unless accepted, is unavailing to the tenant. *Kligerman* v. *Robinson,* 140 Conn. 219, 222. The plaintiff's failure to accept the rent offered did not, however, relieve the defendant tenant from her obligation to pay for the reasonable use and occupancy of the premises.

On November 1, 1978, the defendant became a tenant-at-sufferance. The absence of any agreement on this date characterizes the instant relationship as a tenancy-at-sufferance. 49 Am. Jur. 2d, Landlord & Tenant, § 81. Sufferancy, however, does not abate the obligation to pay for use and occupancy.

Rent is abated when an eviction, actual or constructive, occurs. *Endicott Association, Inc.* v. *Thorne,* 111 Conn. 697. The burden is on the tenant to prove eviction. *Endicott Association, Inc.* v. *Thorne,* supra, 699. Constructive eviction arises

where the landlord, while not actually depriving the tenant of possession, has done or suffered some acts which render the premises untenantable. *Thomas* v. *Roper,* 162 Conn. 343, 349.

The defendant tenant was at liberty to relinquish the premises at any time after October 31, 1978. For her convenience, she elected to remain on the premises. The plaintiff's refusal to accept the rentals offered does not now shield the defendant from the obligation to pay for the use and occupancy of the premises enjoyed by her.

The defendant's second claim, that she incurred expenses in refurbishing her new premises, is without merit or logic. She was properly evicted under a summary process action to which she did not respond.

Upon inquiry by the court during the trial, it was determined that the plaintiff was in receipt of the defendant's rental security deposit of $95. Because it was still within the sixty-day grace period prescribed by § 47a-21 (b) of the General Statutes, the plaintiff was not required at the time of trial to comply with the directives of that statute concerning the return of security deposits. In response, however, to the court's questioning, the plaintiff represented that she intended to forfeit the deposit because of damages caused by the defendant tenant. The defendant denied causing any damage to the apartment.

Although the defendant did not in her pleadings or in the presentation of her own case raise the set-off of her security deposit, the court deems it in the best interests of justice to resolve this issue as if it had been properly presented. The defendant is aged, pro se and illiterate in the English language. She required the assistance of a family member to

assist her in translating and in interpreting the trial proceedings to her. Additionally, the plaintiff was represented by counsel.

The intervention by the court, suo motu, in this instance to raise the issue of the security deposit by way of setoff on behalf of this defendant is not to be construed as its ordinary policy. Rather the court deems it to be sound public policy to raise at trial all defenses, rights and privileges possessed by a party when it becomes unequivocally clear that the party is incapable of asserting his rights and that for the court to remain passive would abet an injustice.

Upon examination, the plaintiff was unable to substantiate any of her claims for damage. No photographs were taken or offered to the court. No bills or estimates of repair were submitted for the court's review. And, finally, no independent or impartial testimony was provided to corroborate the plaintiff's claims. The burden of proof is upon the plaintiff to prove all elements of his cause of action. *Citizens Association* v. *Bridgeport,* 84 Conn. 383, 387. We find, therefore, upon this issue, in favor of the defendant.

Under § 47a-22 of the General Statutes the defendant is entitled to 4 percent interest annually on her deposit. There was no allegation that she had paid any previous month's rent tardily.

The court, therefore, finds that the plaintiff is entitled to two months' rent in the sum of $190 and that the defendant is entitled to a setoff of $95 plus $2.80 interest.

Judgment, therefore, may enter in favor of the plaintiff in the amount of $92.20, together with her taxable costs.