[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The case involves a dispute over a security deposit. Plaintiff alleges that defendant wrongfully refused to return the deposit to her, in violation of General Statutes Sec. 47a-21. In count two of her complaint she also alleges that defendant is required to reimburse her for the cost of oil left in the tank when she vacated the apartment. The landlord, for his part, asserts in his special defense that he retained the security deposit as an offset against the damages to the apartment. In his counterclaim he seeks money damages for the cost of repairs to the apartment. As in most cases of this type, resolution of the dispute rests on the credibility of the witnesses. CT Page 10210
The following facts were established at the hearing. The parties entered into a lease commencing in September, 1989. Plaintiff's rent was subsidized by the Section 8 Program. As such she paid fifty dollars per month and the State of Connecticut paid the balance of the market rent. In addition the Section 8 Program paid an $1100 security deposit. This deposit, although paid by the State, is attributed to plaintiff, such that whenever she changes apartments she is expected to use that original deposit as the deposit on her subsequent apartments. To the extent that the deposit is not returned to her the Section 8 program will not fund additional deposits.
On December 29, 1990, plaintiff provided defendant with written notice of her intent to vacate the apartment by February 1, 1991. She requested return of the security deposit together with reimbursement for the cost of any oil remaining in the oil tank at the time of her departure. Plaintiff, in this letter, did not provide a written forwarding address. During the first week of January plaintiff vacated the apartment. On or about January 24, defendant inspected the apartment and found that it required extensive cleaning, painting and repairs. On January 25, he requested in writing that HARTCONN — the Section 8 agent — inspect the apartment to assess the damages. On January 31, defendant wrote to plaintiff informing her that he was not returning the security deposit because of the condition of the apartment. Because he did not have a forwarding address defendant sent the letter to the apartment plaintiff had vacated.
On February 19, plaintiff sent a second letter to defendant, this time with a forwarding address, demanding return of the security deposit. On March 8, 1991, defendant responded in writing to plaintiff's request. His letter stated that plaintiff's security deposit of $1100 was not being returned because the damage to the apartment cost $1875 to repair. Attached to the letter was an invoice from the contractor which described the work he performed which included painting, cleanup and repairs to the walls and plumbing.
Plaintiff's principal claim is that defendant violated the requirements of General Statutes Section CT Page 1021147a-21(d)(2). That section provides:
 (2) Upon termination of a tenancy, any tenant may notify his landlord in writing of such tenant's forwarding address. Within thirty days after termination of a tenancy, each landlord other than a rent receiver shall deliver to the tenant or former tenant at such forwarding address either (A) the full amount of the security deposit paid by such tenant plus accrued interest as provided in subsection (i) of this section, or (B) the balance of the security deposit paid by such tenant plus accrued interest as provided in subsection (i) of this section after deduction for any damages suffered by such landlord by reason of such tenant's failure to comply with such tenant's obligations, together with a written statement itemizing the nature and amount of such damages. Any such landlord who violates any provision of this subsection shall be liable for twice the value of any security deposit paid by such tenant.
It was not until February 19, 1991, that defendant received a written demand for the security deposit together with plaintiff's forwarding address. It is from this date, therefore, that defendant had thirty days to respond in writing to plaintiff's demand. Defendant's response was dated March 8, and therefore is within the thirty days provided by statute. Plaintiff alleges, however, that defendant's response was defective because it did not comply with statutory mandate that the landlord provide a "written statement itemizing the nature and amount of such damages." Defendant's letter stated, "Your security deposit of $1,100.00 is not being returned to you due to damages as per attached bill." That bill, in the amount of $1875 described the work performed:
 Repair holes in hallway walls, sand, spakel and paint. Replace broken glass in livingroom and back porch. Sand and paint all baseboard trim with semi-gloss oil base. Clean kitchen linoleum with full-strength ammonia and wax. CT Page 10212 Clean refrigerator. Clean stove (including burner top). Fix kitchen fan and replace bulbs. Stain kill crayon marks on bedroom walls, repair holes, sand and paint. Steam clean hall, livingroom and bedroom carpets. Put chemical on livingroom and hall carpets to try and eliminate cat urine odor. Replace plumbing on bathroom sink. Clean out basement storage bin, remove debris from front porch and take to dump.
The court concludes that the March 8 letter with accompanying attachment satisfies the requirements of Sec.47a-21(d)(2) that the landlord's written statement itemize the nature and amount of such damages. The description of the repairs was detailed, noting with particularity which rooms required work, and the nature of the work performed. While it is true, as pointed out by plaintiff, that the statement did not contain a specific price for each repair, the statement nevertheless fulfilled its purpose of advising the tenant of the particular damages to the apartment and the total cost of repairs. Although it would be preferable to itemize the cost of each repair, the failure to particularize the cost of such repairs does not violate the statute provided there is included, as was the case here, a detailed statement of the damaged items or areas together with the total cost of repairs.
The final issue, insofar as the security deposit is concerned, is whether defendant was in fact entitled to withhold the security deposit based on the damages he claimed, or whether, as argued by plaintiff, the repairs were attributable to normal wear and tear, to common areas of the building or to preexisting conditions. Based on a review of the testimony and exhibits, including photographs, inspection reports and eye witnesses, the court concludes that the apartment's overall condition was worse than would be expected even after allowing for sixteen months of normal wear and tear. Because of a pre-occupancy inspection report prepared by HARTCONN — the leasing agent — it is known that at the time plaintiff took residence in September, 1989, the apartment was in acceptable condition at least insofar as health and safety were concerned. That report, however, indicated, that there were two cracked windows. Subsequent to plaintiff's CT Page 10213 departure, it appears that there was substantial trash and debris left behind; that there was some damage to the walls, that the stove, refrigerator, rugs and floors were dirty and that miscellaneous other repairs were necessary.
In terms of assessing how much of defendant's costs were attributable to normal wear and tear, and how much to damage caused by plaintiff, the matter is made difficult by the fact that the record is silent as to the overall condition of the apartment at the time of occupancy. While HARTCONN approved it for occupancy, the condition of the paint, rugs and linoleum as of September, 1989 is unknown. Because the burden of establishing the legitimacy of deductions from the security deposit is on the landlord Bauer v. DelValle, 35 Conn. Sup. 126 (1979); the court concludes that defendant has not justified the $1875 it claims in expenses for renovating and repairing the apartment. The court makes the following findings:
 a. Painting and repair walls and trim $500.00
b. Repair bathroom sink $ 80.00
 c. General cleanup of debris, appliances and rooms $150.00
 d. Damage to carpet linoleum from cat $100.00
TOTAL $830.00
The plaintiff is entitled to the return of her security deposit of $1100.00 less $830.00 which is the amount of the judgment for defendant on his counterclaim. Plaintiff will not be awarded double damages as defendant complied with the security deposit statute.
Therefore, net judgment for the plaintiff on count one in the amount of $270.00.
Judgment for defendant as to count two. Plaintiff's financial affidavit shows cost of the heat as $140.00 per month. At that rate it is reasonable to infer that plaintiff used the $300 of oil she purchased in November. CT Page 10214
SO ORDERED.
Robert L. Holzberg, J.